## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

,

| | | |
|---|---|---|
| **RAYMOND JAMES & ASSOCIATES, INC.** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CASE NO. 2:18-cv-02104** |
| **v.** | ) | |
| | ) | |
| **50 NORTH FRONT ST. TN, LLC.** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## RAYMOND JAMES' RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedures, Plaintiff Raymond James & Associates, Inc. ("Raymond James"), hereby responds to Defendant 50 North Front St. TN, LLC's ("Defendant" or "Landlord") First Request For Production of Documents (the "Document Requests") as follows.

## GENERAL OBJECTIONS

In addition to the objections specifically set forth herein, Raymond James makes the following general objections to each discovery request:

1. Raymond James objects to each request to the extent that it seeks information and/or documents protected from disclosure by the attorney/client privilege, work product doctrine, any other applicable privilege, or due to any applicable law or regulation. Privileged materials here include communications between: (a) Raymond James employees and its inside attorneys and/or outside counsel, only or (b) Raymond James employees, its in-house attorneys/outside counsel, and its agents. Raymond James reserves the right to object after the fact should it later

1

determine that a document it produced contains privileged information.

2. Raymond James objects to each request to the extent that it seeks documents prepared or obtained by or for counsel in anticipation of litigation or information that is proprietary in nature.

3. Raymond James objects to each request to the extent that the documents and/or information requested are neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Raymond James objects to each request and to Defendant's "Instructions" to the extent that they are vague, ambiguous, overly broad and/or unduly burdensome.

5. Raymond James objects to any request and to Defendant's "Instructions" to the extent that they attempt to impose upon Raymond James any duty, responsibility, and/or obligation exceeding those contained in the Federal Rules of Civil Procedure.

6. Raymond James objects to each request to the extent it seeks documents containing private information, personal information or information that is commercially sensitive or otherwise confidential. Documents containing such information relating to Raymond James shall only be produced subject to the Protective Order on Confidentiality.

7. Raymond James objects to the stated definition of the terms "relating to" or "related to" as overly broad, ambiguous and requiring searches that would be unduly burdensome. Raymond James also objects to any obligation to produce "all documents relating to" a given subject matter, as overly broad, unduly burdensome, ambiguous, and calling for the production of documents that are neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

8. These General Objections *apply to each request* and are not necessarily repeated in response to

an individual request. The assertion of the same, similar, or additional objections in Raymond

James' specific response to an individual request or the failure to specifically assert any general

objection to a request, does not waive any of Raymond James' general objections set forth in

this section.

## RESPONSE TO REQUESTS

**REQUEST NO. 1:** **All documents referenced in Plaintiff's Responses to Defendant's Interrogatories.**

RESPONSE: See the various Responses referenced therein, below.

**REQUEST NO. 2: Produce all documents relating to any failures on the part of Defendant to keep, maintain, repair and/or operate Raymond James Tower in the standard it was kept, maintained, repaired and/or operated on the June 26, 2014.**

RESPONSE: This Request seeks all documents over a four (4) year period relating to "*any failures*"

by Defendant in its operation of the building – rather than addressing the specific failures raised in

this suit.

- Raymond James, therefore, objects to this Request on grounds that it is overly broad and
  unduly burdensome, and because the expense and burden of such production outweighs its
  likely benefit.

- Raymond James also objects because this Request calls for the production of documents
  that are neither relevant to the subject matter of this case, nor reasonably calculated to lead
  to the discovery of admissible evidence.

- Finally, Raymond James would direct Defendant to its Responses to Defendant's more

targeted Requests, below, that more closely relate to elevators and the other specific failures at issue.

Subject to and without waiving any objection hereto (general and specific), please see the documents produced by Raymond James' pursuant to Request No.s 5, 6, 8, 9, 11, and 17.

**REQUEST NO. 3: Produce all documents relating to any failure on the part of Defendant keep, maintain, repair and/or operate Raymond James Tower, or any portion thereof, in a manner and quality consistent with Comparable Buildings (as that term is defined in the Lease) since January, 2015.**

RESPONSE: This Request seeks all documents over a three-and-a-half-year (3½) year period relating to "*any failure*" by Defendant to operate the building in a manner and quality consistent with Comparable Buildings – rather than addressing the specific failures raised in this suit.

- Raymond James, therefore, objects to this Request on grounds that it is *overly broad* and *unduly burdensome,* and because the expense and burden of such production outweighs its likely benefit.

- Raymond James also objects because this Request calls for the production of documents that are neither *relevant* to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Raymond James further objects because this Request is *vague*, *ambiguous* and *convoluted*.

- Finally, Raymond James would direct Defendant to its Responses to Defendant's *more targeted* Requests, below, that more closely relate to elevators and the other specific failures at issue.

Subject to and without waiving any objection hereto (general and specific), please see the documents produced by Raymond James' pursuant to Request No.s 5, 6, 8, 9, 11, and 17.

**REQUEST NO. 4: Produce all documents relating to any deterioration or decline in condition since June 26, 2014 of the elevators located within Raymond James Tower.**

RESPONSE: This Request seeks all documents over a nearly four (4) year period "*relating*" to any "deterioration or decline" in the building's elevators and is far too broad. Raymond James also objects to this Request since the phrase "deterioration and decline" is vague and ambiguous and it is therefore impossible to provide an accurate Response.

Subject to and without waiving any objection hereto (general and specific), please see the documents produced by Raymond James' pursuant to Request No.s 5, 6, 8, 9, 11 and 17.


**REQUEST NO. 5: Produce all documents relating to the entrapment of any person or persons in the elevators located within Raymond James Tower since June 26, 2014.**

RESPONSE: This Request seeks all documents "*relating*" to entrapments over nearly a four-year time period and is far too broad. Raymond James objects to it on grounds that it is overly broad, unduly burdensome, calls for documents that are not subject to production due to lack of relevance and/or because the expense and burden of such production outweighs its likely benefit.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce: (a) emails between relevant Raymond James employees and Parkway, Colliers International, Madison Realties, and Defendant from 6/26/2014 through 6/1/2018, about elevator entrapments; (b) Angus entries about elevator entrapments; and (c) memorandums about elevator entrapments.


**REQUEST NO. 6: Produce all documents relating to any incident during which any of the elevators located within Raymond James Tower was out of service since June 26, 2014.**

RESPONSE: This Request seeks all documents "*relating*" to any "incidents" which lead to elevator outages over nearly a four-year time period and is far too broad. Raymond James objects to this

Request on grounds that it is overly broad, unduly burdensome, calls for documents that are not subject to production due to lack of relevance, and/or because the expense and burden of such production outweighs its likely benefit.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce: (a) emails between relevant Raymond James employees and Parkway, Colliers International, Madison Realties, and Defendant from 6/26/2014 through 6/1/2018, about elevator outages; (b) Angus entries about elevator outages; and (c) recent logs reflecting elevator outages. Please see also documents previously produced by Raymond James in conjunction with its Rule 26(a)(1) Mandatory Disclosures.

**REQUEST NO. 7: Produce all documents relating to the diminution in the value of the space Plaintiff rents from Defendant as alleged in the Complaint.**

RESPONSE: Raymond James objects to this Request on grounds that it is vague and ambiguous in that the term "relating to the diminution in value" is vague and ambiguous. In addition, this Request is premature because matters such as Raymond James damages will be the subject of expert proof and the date for the disclosure of the opinions of Raymond James' experts is not until 9/1/2018 pursuant to the Court's Scheduling Order. Discovery and fact investigation is also on-going.

Subject to and without waiving these objections, please see Raymond James' production pursuant to Request No.s 5, 6, 8, 11, 12, 17, and 18 and documents previously produced by Raymond James in conjunction with its Rule 26 (a)(1) Mandatory Disclosures.

**REQUEST NO. 8: Produce all documents relating to physical injuries to any person or persons resulting from a malfunction of any of the elevators located within Raymond James Tower since January 1, 2013.**

RESPONSE: This Request seeks all documents "*relating*" to physical injuries resulting from the elevators over a five-year-plus time period and is thus far too broad.

- Raymond James objects to this Request on grounds that it is overly broad, unduly burdensome and calls for documents that are not subject to production due to lack of relevance, and/or because the expense and burden of such production outweighs its likely benefit.

- Moreover, Raymond James objects to this Request to the extent it needlessly invades the privacy of Raymond James' employees.

Subject to and without waiving these objections, Raymond James will provide documents reflecting the two known workman's compensation claims associated with elevator malfunctions involving Raymond James employees from 1/1/2013 to 6/1/2018.

**REQUEST NO. 9: Produce all documents relating to any instance since January 1, 2013 on which "the dangerous and malfunctioning elevator system [has prevented] safe and reliable access" to the space rented by Plaintiff at Raymond James Tower.**

RESPONSE: This Request is largely duplicative of several other Requests and its quoted passage is not in the First Amended Complaint. Raymond James therefor objects and incorporates by reference its Responses to Request No.s 5, 6, 8, 11, and 17.

**REQUEST NO. 10:** **Produce all reports produced by any elevator consultant relating to an evaluation of the maintenance or performance of the elevators located at Raymond James Tower.**

RESPONSE: The only responsive report of which Raymond James is aware is the Lerch Bates Report dated 3/31/14, which is already in Defendants possession. To the extent this Request seeks any expert report, such a request is premature and will not be produced until the time required by the Court's Scheduling Order.

**REQUEST NO. 11:** **Produce all documents relating to any communication from January 1, 2015 through the present between Plaintiff and Defendant about the elevators located within Raymond James Tower.**

RESPONSE: This Request seeks all documents relating to any communication between the parties about elevators for nearly a three-and-a-half-year time period.

- Raymond James objects to this Request on grounds that it is overly broad, unduly burdensome and it calls for documents that are not subject to production due to lack of relevance and/or because the expense and burden of any such production outweighs its likely benefit.

- Further objecting, the fact that this Request seeks all documents that "relate" to a "communication" – in addition to seeking production of the communication itself – makes it all the more burdensome and overbroad.

- Finally, this Request also covers documents sought in Request No.s 5, 6 and 8.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce all email communications between relevant Raymond James employees and Defendant (including its agents – e.g. Colliers International and Madison Realties), from 1/1/2015

through 6/1/2018, about problems with the operation of the building's elevators.

**REQUEST NO. 12: Produce all documents relating to any communication from January 1, 2015 through the present between Plaintiff and Defendant about or "regarding both the problems with the elevators and other continuing failures related to the Premises."**

RESPONSE: This Request seeks all documents relating to any communication between the parties about both elevators and "other continuing failures related to the premises" for nearly a three-and-a-half-year time period.

- Raymond James objects to this Request on grounds that it covers documents sought in other Requests (see e.g. No. 12, above), overly broad, unduly burdensome and calls for documents that are not subject to production due to a lack of relevance and/or because the expense and burden of any such production outweighs its likely benefit.

- Moreover, by seeking all documents that "relate" to a "communication" – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce all email communications between Raymond James and Defendant (including its agents – e.g. Colliers International and Madison Realties), from 1/1/2015 through 6/1/2018 about the facilities-related breaches complained of in the First Amended Complaint, other than regarding elevators.

**REQUEST NO. 13: Produce all documents relating to negotiations for the Lease.**

RESPONSE: This Request seeks *all* documents that *relate* to the negotiations that lead to the Lease -- with no limitations whatsoever.

- Raymond James, therefore, objects to this Request on grounds that it is overly broad and unduly burdensome, and because the expense and burden of producing "all" such documents outweighs its likely benefit.

- Raymond James also objects to this Request because it calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- In addition, Raymond James objects on grounds that the phrase "all documents that relate to negotiations" is vague, ambiguous and not susceptible to an accurate response.

- Finally, Raymond James would direct Defendant to its Responses to Defendant's more targeted Request, below.

Subject to and without waiving any general or specific objection hereto, please see documents produced by Raymond James pursuant to its Response to Request No. 14.

**REQUEST NO. 14: Produce all documents relating to any communication from January 1, 2013 to January 31, 2015 between Plaintiff and Parkway Properties about lease negotiations for Raymond James Tower.**

RESPONSE: This Request seeks "all" documents relating to any communication between Raymond James and Parkway about lease negotiations.

- Raymond James objects to this Request on grounds that it is overly broad and unduly

burdensome, as well as because the expense and burden of producing "all" such documents outweighs its likely benefit.

- Raymond James also objects to this Request because it calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Moreover, by seeking all documents that "relate" to a "communication" – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any objection hereto (general and specific), Raymond James will produce any emails exchanged between relevant Raymond James employees on one hand, and Parkway Properties on the other hand, between 1/1/2013 and 6/26/2014 regarding the potential renewal of Raymond James' lease at the building.


**REQUEST NO. 15: Produce all documents relating to Plaintiff's internal discussions related to Lease negotiations.**

RESPONSE: This Request seeks "all" documents relating to "internal discussions" relating to Lease negotiations.

- Raymond James objects to this Request on grounds that it is grossly over-broad and unduly burdensome -- and because the expense and burden of producing "all" such documents outweighs any likely benefit.

- Raymond James also objects the term "internal discussions" as vague, ambiguous and, with thousands of employees, impossible to provide an accurate response.

- Moreover, because only what was actually communicated to Parkway during the lease

negotiations is potentially germane to this dispute, Raymond James also objects because this Request calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Raymond James further objects to this Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, or other applicable privilege.

- Finally, Raymond James would direct Defendant to its Response to the more targeted Request found at Request No. 14.

**REQUEST NO. 16: Produce all documents relating to any communication between Plaintiff and Parkway Properties about Plaintiff's potential purchase of Raymond James Tower.**

RESPONSE: This Request seeks "all" documents relating to any communication between Raymond James and Parkway about the potential purchase of the building.

- Raymond James objects to this Request on grounds that it is overly broad and unduly burdensome – as well as because the expense and burden of producing "all" such documents outweighs its likely benefit.

- Raymond James also objects to this Request because it calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Moreover, by seeking all documents that "relate" to a "communication" – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any objection hereto (general and specific), Raymond James will produce emails between relevant Raymond James employees on one hand and Parkway Properties on the hand, from 1/1/2013 and 6/26/2014 about Raymond James' potential purchase of the building.

**REQUEST NO. 17: Produce all documents relating to any communication between Plaintiff and Parkway Properties about any elevator issues, including breakdowns, entrapments, and/or injuries occurring on any of the elevators located within Raymond James Tower between January 1, 2013 and January 31, 2015.**

RESPONSE: This Request seeks "all" documents relating to any communication between Raymond James and Parkway about any elevator issues for over a two- year period of time.

- Raymond James objects to this Request on grounds that it is overly broad and unduly burdensome -- as well as because the expense and burden of producing "all" such documents outweighs its likely benefit.

- Moreover, by seeking all documents that "relate" to a "communication" – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce all email communications between relevant Raymond James employees and Parkway, for the requested period, about elevator breakdowns, entrapments, and/or injuries.

**REQUEST NO. 18: Produce all documents relating to any communication between Plaintiff and Parkway Properties concerning the condition of Raymond James Tower between Jan. 1, 2013 and January 31, 2015.**

RESPONSE: This Request seeks all documents *relating* to any communication between Raymond James and Parkway in any way "concerning the condition" of the building for over a two- year

period of time.

- Raymond James objects to this Request on grounds that it is overly broad and unduly burdensome -- as well as because the expense and burden of producing "all" such documents outweighs its likely benefit.

- Raymond James also objects to this Request because it calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Moreover, by seeking all documents that "relate" to a "communication" – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce email communications about the facilities-related breaches complained of in the First Amended Complaint, other than regarding elevators, that occurred between relevant Raymond James employees and Parkway, for the requested time period.


**REQUEST NO. 19**: **Produce all documents relating to any Minutes of meetings between Plaintiff and Parkway Properties for the period from January 1, 2013 to January 31, 2015.**

RESPONSE: This Request seeks "*all* documents *relating* to any Minutes of meetings" between Raymond James and Parkway -- regardless of subject matter.

- Raymond James, therefore, objects to this Request on grounds that it is overly broad and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

- In addition, the term "Minutes of meetings", while capitalized is nowhere defined in

Defendant's Requests and this Request is therefore vague and ambiguous.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce relevant minutes of any meeting between Raymond James employees and Parkway Properties from 1/1/2013through 1/31/2015.


**REQUEST NO. 20: Produce all documents relating to communications between Plaintiff and Parkway Properties and/or any broker concerning the Tenant Estoppel Certificate executed by Plaintiff on January 13, 2015.**

RESPONSE: This Request seeks all documents *relating* to communications between Raymond James and Parkway and "or any broker" concerning the Tenant Estoppel Certificate.

- Raymond James objects to this Request on grounds that it is overly broad and unduly burdensome -- as well as because the expense and burden of producing "all" such documents outweighs its likely benefit.

- Raymond James also objects to this Request because it calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Moreover, by seeking all documents that "relate" to a "communication" – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce emails between relevant Raymond James employees and Parkway Properties about the Tenant Estoppel Certificate from 1/1 2014 through 1/13/2015.

**REQUEST NO. 21:** Produce all documents relating to Plaintiff's internal discussions about Plaintiff's potential purchase of Raymond James Tower.

RESPONSE: This Request seeks "all" documents relating to "internal discussions" relating to Raymond James' potential purchase of the building.

- Raymond James objects to this Request on grounds that it is grossly over-broad and unduly burdensome -- and because the expense and burden of producing "all" such documents outweighs any likely benefit.

- Raymond James also objects the term "internal discussions" as vague, ambiguous and, with thousands of employees, impossible to provide an accurate response.

- Moreover, because only what was actually communicated to Parkway during any lease negotiations is potentially germane to this dispute, Raymond James also objects because this Request calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Raymond James further objects to this Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, or other applicable privilege.

- Finally, Raymond James would direct Defendant to its Response to the more targeted Request found at Request No. 16.

**REQUEST NO. 22:** Produce all documents relating to any Property Condition / Building Condition Reports for Raymond James Tower.

RESPONSE: This Request seeks all documents relating to any "Property Condition Report or Building Condition Report" for the building.

- Raymond James objects to this Request in that the term "Property Condition / Building Condition Report", though capitalized, is not defined in this Request and the Request is thus vague and ambiguous.

- Raymond James also objects to this Request on grounds that it is overbroad and unduly burdensome since there is no time limitation as to the scope of this Request.

- Raymond James next objects because this Request calls for the production of any report – not just those dealing with the conditions at issue – and therefore seeks documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Finally, by seeking all documents that "relate" to such reports – in addition to seeking production of the report itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce any documents titled "Property Condition Report" or "Building Condition Report" for the building created 1/1/15 to present in its possession, custody, or control.


**REQUEST NO. 23: Produce all documents relating to communications between Plaintiff and any other person concerning the Due Diligence performed by Plaintiff in the potential purchase by Plaintiff of Raymond James Tower.**

RESPONSE: This Request seeks all documents *relating* to any communications between Raymond James and "*any other person*" concerning its possible pre-purchase "*Due Diligence*" on the building.

- Raymond James objects to this Request on grounds that by extending to "communications between Plaintiff and *any other person*", it is grossly overly broad and unduly burdensome.

The expense and burden of producing "all" such documents outweighs any likely benefit.

- Raymond James also objects because the term "Due Diligence", though capitalized, is not defined in this Request, and the Request is therefore vague and ambiguous.

- Moreover, because communications *with Parkway* are the most likely to be germane to this dispute, Raymond James also objects because this Request calls for the production of documents literally with everyone. The documents sought are thus neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Raymond James further objects to this Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, or other applicable privilege.

- Finally, by seeking all documents that "relate" to such communications – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

- Raymond James would direct Defendant to its Response to the more targeted Request found at Request No. 16.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce emails between relevant Raymond James employees and Parkway generated 1/1/2013 through 6/26/2014 about any appraisals of the building's condition undertaken by Raymond James.


**REQUEST NO. 24: Produce all documents relating to any Due Diligence related to the Lease performed by or on behalf of Plaintiff.**

RESPONSE: This Request seeks *all* documents *relating* to any Due Diligence performed by Raymond James that is "related" to the Lease.

- Raymond James objects to this Request on grounds that it is unrestricted as to time and it is

thus overly broad and unduly burdensome. The expense and burden of producing "all" such documents outweighs any likely benefit.

- Raymond James also objects because the term "Due Diligence", though capitalized, is not defined in this Request, and the Request is therefore vague and ambiguous.

- Because the subject matter of the due diligence is not restricted to the matters in dispute, Raymond James also objects to this Request because it calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Raymond James further objects to this Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, or other applicable privilege.

- Finally, by seeking all documents that "relate" to such "Due Diligence" – in addition to seeking production of the report itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, Raymond James will produce any final appraisals of the building's condition generated by Raymond James employees from 1/1/2013 through 6/26/2014 for the purpose of negotiating Raymond James' lease with Parkway.


**REQUEST NO. 25: Produce all documents relating to any communication from January 1, 2013 to present between Plaintiff and DTZ/Cushman & Wakefield or any other brokers.**

RESPONSE: This Request seeks "all" documents over a *five-year-plus* period relating to "any" communication between Raymond James, on one hand, and DTZ/Cushman & Wakefield or "any other brokers", on the other hand.

- Raymond James objects to this Request on grounds that it is grossly over-broad and unduly burdensome. Raymond James does business with both DTZ/Cushman and Wakefield and "other brokers" regarding properties across the country. Even in reference to Raymond James Tower, most of the requested communications have little to no bearing on the matters at issue this dispute. Moreover, the time period of the Request extends to the present -- even though the Lease at issue was executed on 6/26/2014.  The expense and burden of producing "all" such documents outweighs any benefit.

- Raymond James also objects because, as described above, this Request calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Raymond James objects to this Request to the extent it seeks the production of communications with "any other brokers", since that phrase is so vague and ambiguous as to make this Request not susceptible to an accurate response.

- Raymond James further objects to this Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, or other applicable privilege. DTZ/Cushman and Wakefield acted as Raymond James' agent/consultant and was included in communications with Raymond James' attorneys.

- Raymond James further objects because certain of the documents sought are highly commercially sensitive, confidential and proprietary.

- Finally, by seeking all documents that "relate" to such communications – in addition to seeking production of the communication itself – the Request is all the more burdensome, overbroad and irrelevant.

**REQUEST NO. 26: Produce all documents relating to any communication from January 1, 2013 to present between Plaintiff and CBRE, DTZ/Cushman & Wakefield (or its separate predecessor entities) or any other brokers concerning Plaintiff's potential purchase of Raymond James Tower.**

RESPONSE: This Request seeks "all" documents over a five-year-plus period relating to any communication between Raymond James, on one hand, and CBRE, DTZ/Cushman & Wakefield or "any other brokers" on the other hand, concerning Raymond James' potential purchase of the building.

- Raymond James objects to this Request on grounds that it is overbroad and unduly burdensome. This dispute in no way involves Raymond James' purchase (or the attempted purchase) of the building and communications with someone other than the supposed seller _i.e. Parkway have little to no bearing this side issue. The expense and burden of producing "all" such documents outweighs any benefit.

- Raymond James also objects because, as described above, this Request calls for the production of documents that are neither relevant to the subject matter of this case, nor reasonably calculated to lead to the discovery of admissible evidence.

- Raymond James objects to this Request to the extent it seeks the production of communications with "any other brokers", since that phrase is so vague and ambiguous as to make this Request not susceptible to an accurate response.

- Raymond James further objects to this Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, or other applicable privilege. DTZ/Cushman and Wakefield acted as Raymond James' agent/consultant and was included in communications with Raymond James' attorneys.

- Finally, by seeking all documents that "relate" to such communications – in addition to

seeking production of the communication itself – the Request is all the more burdensome,

overbroad and irrelevant

**REQUEST NO. 27: Produce all documents relating to the Building Systems of Raymond James Tower as that term is defined in the Lease.**

RESPONSE: This Request seeks *all* documents relating to all of the Tower's Building Systems,

even though most of those systems are not at issue.

- Raymond James objects to this Request on grounds that it is grossly over-broad and unduly

  burdensome since, for example, it has no limitations as to time and does not exclude any of

  the several "Systems" that are not in dispute.  The expense and burden of producing "all"

  such documents outweighs any benefit.

- Raymond James also objects because, as stated above, this Request calls for the production

  of documents that are neither relevant to this case nor reasonably calculated to lead to the

  discovery of admissible evidence.

  Subject to and without waiving any general or specific objection hereto, please see

Raymond James' responses to and documents produced pursuant to Request No.s 5, 6, 8, 9, 11, 12,

17, and 18.

**REQUEST NO. 28: Produce all documents relating to any Angus work order requests during the period of January 1, 2013 to January 31, 2015.**

RESPONSE: This Request seeks *all* documents over a two (2) year period relating to *any* Angus

work order request.

- Raymond James objects to this request because it is overly broad and unduly burdensome

since the Request is not limited to the subject matter in this dispute. The expense and burden of producing "all" such documents outweighs any benefit.

- This request is also objectionable because, as stated above, it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

- Finally, by seeking all documents that "relate" to such work order requests – in addition to seeking production of the requests themselves – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, please see Raymond James' responses to and documents produced pursuant to Request No.s 5, 6, and 9.

**REQUEST NO. 29: Produce all documents relating to any appraisal reports concerning Plaintiff's potential purchase of Raymond James Tower.**

RESPONSE: This request seeks *all* documents *relating* to any "appraisal report concerning Raymond James' potential purchase of the building.

- Raymond James objects to this Request on grounds that it is unlimited as to time and is therefore overly broad and unduly burdensome.

- This request is also objectionable because the term "appraisal report" is vague and ambiguous and it is therefore impossible to provide an accurate response.

- Raymond James also objects to this Request because, as stated above, it calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

- Finally, by seeking all documents that "relate" to such reports – in addition to seeking

production of the report itself – the Request is all the more burdensome, overbroad and irrelevant.

Subject to and without waiving any general or specific objection hereto, please see Raymond James' response to and documents produced pursuant to Request No. 24.

**REQUEST NO. 30: Produce all documents relating to Memphis-area office buildings Plaintiff considers as or has treated as "Comparable Buildings" at any time during the course of the Lease.**

RESPONSE: Raymond James objects to this Request because the term "Comparable Buildings", though capitalized, is not defined in this Request, and the Request is therefore vague, ambiguous and not susceptible to an accurate response. Raymond James also objects because this Request is premature since Raymond James' expert's opinion will likely deal with "comparable buildings", as that term is defined and used in the Lease, and those opinions by way of expert report are not due to be disclosed pursuant to the Court's Scheduling Order until September 1, 2018.

## EXPLANATORY STATEMENT

1. Where Raymond James agrees to produce documents herein, that production shall be limited to documents which can be located through a reasonable search of locations reasonably likely to contain responsive documents.

2. Any production hereunder shall not be construed as an admission by Raymond James that said document or information is relevant, material, or otherwise admissible as evidence.

3. The documents and information provided in response to these requests is provided in addition to and supplements Raymond James' Rule 26(a)(1) Initial Disclosures.

4. The agreement to produce a document or category of documents is not a representation that such document or category of documents exists or is in Raymond James' possession, custody, or control.

5. Raymond James' responses are based upon the facts, documents, and information presently known to it. Discovery, investigation, and analysis are ongoing and may disclose the existence of additional facts, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these Responses. Raymond James expressly reserve the right to amend, modify, and/or supplement its Responses to the above requests.

Respectfully submitted,

**Raymond James & Associates, Inc.**

By Its Attorneys,

 s/ Rob Clapper
_____

Niel Prosser (TN # 11647)
Rob Clapper (TN #34180)
Kyle Johnson (TN # 36066)
The Prosser Law Firm, PLC
5865 Ridgeway Center Parkway, Suite 300
Memphis, Tennessee 38120
Telephone: (901) 820-4433
np@prosserlaw.com
rclapper@prosserlaw.com
kjohnson@prosserlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and attested copy of "Raymond James' Response To Defendant's First

Request For Production Of Documents" has been sent to counsel for the Defendant, Lewis Wardlaw

(lwardlaw@maretintate.com) by electronic mail this 21st day of June, 2018.


  /s/ Rob Clapper
Rob Clapper