IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **RAYMOND JAMES & ASSOCIATES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 18-cv-2104-JTF-tmp |
| ) | |
| **50 NORTH FRONT ST. TN, LLC,** ) | |
| ) | |
| Defendant. ) | |

---

**ORDER DENYING MOTIONS TO COMPEL**

---

Before the court by order of reference are Raymond James & Associates, Inc.'s ("Raymond James") Motion to Compel and for Discovery Sanctions, Raymond James's Second Motion to Compel and for Discovery Sanctions, and Raymond James's Supplemental Motion to Compel. (ECF Nos. 189; 191; 197; 198; 237; 239.) This order addresses only the aspects of those motions seeking to compel the production of documents. The remainder of the motions will be dealt with by separate order. After court ordered meet-and-confers, the parties limited their dispute regarding the production of documents to a set of issues identified in their Amended Joint Report on Outstanding Discovery and Motions to Compel. (ECF No. 267.) For the following reasons, the motions to compel are DENIED.

**I.   BACKGROUND**

This is a contract and tort dispute about elevators in an office building in Memphis. Under Raymond James's theory of the case, it needs to show 50 North was grossly negligent in not modernizing the building's elevators to prevail.[1] One part of Raymond James's argument about gross negligence is its contention that 50 North had the funds to modernize the building's elevators but chose not to do so. To obtain information to support this argument, Raymond James served the following requests for production on 50 North:

> [Request for Production 1:] Please produce all Documents that reflect the financial condition of 50 North Front from 1/1/2014 to present, including: a) All Federal income tax returns, including all schedules, attachments and supporting documents; b) All monthly and annual financial statements, including balance sheets, profit and loss statements, income statements and cash flow statements; c) All financial analyses, including profitability analyses (actual and projected); d) All budgets (including capital improvement budgets), as well as all budget variance reports; e) All loans and lines of credit; and f) All Accounting records, including monthly and annual reports of all general ledger accounts, including accounts relating to income, operating expenses and capital expenses.
>
> [Request for Production 2:] Please produce Documents sufficient to completely describe Jacob Sofer's financial condition and/or net worth from 1/1/2014 to present, including: . . . c) All Documents relating to any financial statements or, absent that, other documents that alone or in combination accurately reflect his assets, liabilities, and net worth; d) All Documents relating to any loan applications; and e) All

---

[1] Pending before the presiding district judge is a report and recommendation recommending dismissal of the complaint. However, for purposes of resolving this motion, the undersigned has not taken into account this report and recommendation.

> Documents relating to any non-public business entities in which he has a majority or otherwise controlling interest.

50 North disputed the relevance of these requests. The court ruled that the requests were relevant and ordered 50 North to respond. (ECF No. 107.) The parties now dispute whether 50 North has adequately responded. The specific issues under dispute, per the parties' joint report, are as follows:

> Whether 50 North must provide a complete copy of its electronic accounting records (including monthly and annual Balance Sheets, Cash Flow Statements, Profit & Loss Statements, Budgets, General Ledgers etc.) to present. This includes the accounting software that 50 North employs (e.g., .QBW files for QuickBooks), in native file format, along with whatever information is necessary to permit access to the underlying data. It is 50 North's Position that it has produced all responsive accounting records that exist, and should not have to permit computer access which was not originally requested.
>
> Whether 50 North must produce all documents reflecting all loans and lines of credit to and from 50 North. It is 50 North's position that there are no loan applications or promissory notes responsive to this Request and all loans to and/or from 50 North are reflected on the general ledger records that 50 North already has produced in discovery.
>
> Whether 50 North must provide the tax returns and search/tabulatable copies of the monthly and annual financial statements for the following entities: a) Madison Holding Trust; b) Regal Holding Group, LLC; and c) MSM Management, Inc.
>
> Whether 50 North must provide all financial statements that reflect the assets, liabilities and/or net worth of Mr. Sofer, for the period from January 2014 to present, as previously ordered by the Court. In lieu of further discovery on this matter, beyond the documents that have already been produced, 50 North offers the attached

stipulation which Raymond James has rejected. 50 North
therefore seeks an order from the Court adopting the
stipulation as a means of resolving any further
discovery requirements in connection with Raymond James'
Request No. 2.

The stipulation 50 North proposes reads "the parties stipulate that at all relevant times to this proceeding, Jacob Sofer and Madison Holding Trust had sufficient funds to modernize the elevator system at the Raymond James Tower." (ECF No. 264-1.)

## II. ANALYSIS

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. Allgood v. Baptist Mem'l Med. Grp., Inc., No. 19-2323-SHM-tmp, 2020 WL 86455, at *1 (W.D. Tenn. Jan. 7, 2020), aff'd, 2020 WL 821381 (W.D. Tenn. Feb. 19, 2020). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties'

resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[D]eterminations as to proportionality are subject to change with the circumstances of the case." Nat.-Immunogenics Corp. v. Newport Trial Grp., No. SACV152034JVSJCGX, 2019 WL 3110021, at *7 (C.D. Cal. Mar. 19, 2019). This is in part because "[c]onsiderations of proportionality can include reviewing whether discovery production has reached a point of diminishing returns." Abbott v. Wyoming Cty. Sheriff's Office, No. 15-CV-531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017). When the "marginal utility" of further document production is low, Rule 26's proportionality principle commands that courts should take steps to limit discovery. Alaska Elec. Pension Fund v. Bank of Am. Corp., No. 14-CV-7126 (JMF), 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016). "[A]t some point, discovery yields only diminishing returns and increasing expenses." Updike v. Clackamas Cty., No. 3:15-CV-00723-SI, 2016 WL 111424, at *1 (D. Or. Jan. 11, 2016)

Raymond James has received extensive document production on 50 North's finances. 50 North produced its tax returns for 2015, 2016, and 2017,[2] general ledgers for 2015, 2016, and 2017, a composite general ledger which covers the period from 2015 through

---

[2] 50 North represents in its brief that, as of the time of briefing, 50 North had not yet filed its 2018 tax return. (ECF No. 242.)

April 30, 2019, profit and loss statements for 2015, 2016, and 2017, a composite profit and loss statement covering the period from 2015 through April 30, 2019, and a composite balance sheet covering the period from 2015 through April 30, 2019. (ECF No. 242.) That production should give Raymond James the information it needs to argue its case. Additional document discovery on this point — especially discovery as invasive as providing 50 North's accounting software and underlying accounting data — has little to no marginal utility and would simply impose unneeded costs on 50 North.

The same is true of further document discovery into 50 North's owners' finances. Documents Raymond James has already received show that 50 North's owners have a net worth in the hundreds of millions of dollars. Based on the various submissions of the parties on the subject, the court's understanding is that modernizing the building elevators would have a cost of a few million dollars. Furthermore, 50 North has offered to stipulate that at all relevant points in time 50 North's owners had the money to modernize the elevators. Given this, further document discovery on this subject is not proportional to the needs of the case.

Raymond James argues that the court has already ruled on the disputed issues in this motion when it ruled that 50 North was required to respond to Requests for Production 1 and 2. But it is not at all clear that the remaining documents and data Raymond

James is demanding fall within the scope of its prior requests for production. Even if they do, the court still has an ongoing obligation to curb disproportionate and burdensome discovery. <u>See Nat.-Immunogenics</u>, 2019 WL 3110021, at *7. The motions to compel are DENIED.

    IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 30, 2020
Date
