```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| RAYMOND JAMES & ASSOCIATES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 18-cv-2104-JTF-tmp ) |
| 50 NORTH FRONT ST. TN, LLC, | ) ) |
| Defendant. | ) |

**ORDER GRANTING IN PART MOTIONS FOR SANCTIONS**

Before the court by order of reference are Raymond James & Associates, Inc.'s ("Raymond James") Motion to Compel and for Discovery Sanctions and Raymond James's Second Motion to Compel and for Discovery Sanctions. (ECF Nos. 189; 191; 197; 198.) In response, 50 North Front St. TN, LLC ("50 North") has moved for sanctions as well. (ECF No. 200.) This order addresses only the aspects of those motions requesting sanctions for 50 North's production of documents. The remainder of the motions have been dealt with by separate order. For the following reasons, Raymond James's motions for sanctions are GRANTED IN PART and 50 North's motion for sanctions is DENIED.

### I.   BACKGROUND

Some time ago, a dispute arose between Raymond James and 50 North about requests for production Raymond James had propounded

on 50 North. Raymond James eventually moved to compel. The court held a hearing and entered an order. (ECF No. 101.) Specifically, the court stated in relevant part that:

> [T]he court orders 50 North and Raymond James to meet and confer to determine search terms for 50 North's document search no later than seven days from the date of this order. **<u>50 North shall then conduct a reasonably diligent search (with the supervision of counsel), review those documents, produce all responsive documents, and to the extent it asserts a privilege, it may withhold production of those documents and produce a privilege log.</u>** 50 North shall complete its production no later than twenty-one days from the date of this order. On these grounds, Raymond James's motion to compel is hereby GRANTED.

(ECF No. 101 (bolding and underlining added).) However, this did not end the dispute. After meeting and conferring, the parties failed to come to an agreement about search terms. Raymond James filed notices of noncompliance. The court held a hearing and entered an order. (ECF No. 172.) The order specified the search terms and custodians 50 North was to use in its search. The order further specified that:

> counsel for 50 North shall produce all **responsive**, non-privileged documents from the above referenced e-mail searches, along with a privilege log, and the above identification of additional employees to counsel for Raymond James within thirty days of February 8, 2019, i.e., no later than March 11, 2019.

(ECF No. 172 (bolding and underlining added).) However, instead of conducting a responsiveness review, 50 North ran the required email searches, conducted a privilege review, and then simply produced all of the remaining documents — whether responsive to Raymond

-2-

James's requests or not. The resulting production consisted of about 800,000 pages of documents. (ECF No. 197-1.)

50 North's decision to forego a responsiveness review resulted in the production of many documents that were not responsive to the requests for production. Raymond James represents in its brief — and 50 North does not appear to dispute — that of the first hundred produced documents, forty-nine are "completely irrelevant." (ECF No. 189-1.) In an exhibit to its brief, Raymond James presents some of the more egregious examples of irrelevant produced documents from just the initial production, including:

- "[e]mail regarding renovations to a tattoo parlor in Ohio;"
- "[a] newsletter from the United Talmudical Academy in Kiryas Joel, New York (written mostly in a foreign language);"
- "[e]mails regarding a McDonalds in Landlord's Hartford, Connecticut building;" and
- "[e]mail regarding a 'Heal-a-thon' in New Jersey[.]"

(ECF No. 189-1.) For obvious reasons, none of these emails are responsive to Raymond James's discovery requests. In an effort to cull the production to responsive documents, Raymond James hired a team of contract attorneys to conduct a manual document-by-document review of the production. (ECF No. 197-1.) Raymond James also moved for sanctions, both after service of 50 North's initial production and after the remainder was produced.

50 North argues that it was not required to conduct a responsiveness review under the court's prior orders. It argues that when the court ordered it to produce "all responsive, non-privileged documents from the above-referenced e-mail searches," that the court meant to produce "the non-privileged documents that were responsive to the search terms." (ECF No. 194-1.) 50 North further argues that any obligation it may have had to conduct a relevance review under the court's first order, (ECF No. 101), was abrogated by the court's second order, (ECF No. 172). 50 North further argues that the court should instead sanction Raymond James for seeking discovery sanctions. (ECF No. 200.)

## II.  ANALYSIS

### A.  The Prior Orders

This court's orders were clear that 50 North had an obligation to review the documents it produced in response to the disputed requests for production. The court's first order specifically said that 50 North was to "review those documents" returned from the document searches and produce those which were "responsive." (ECF No. 101.) When the court entered a second order specifying what document search terms 50 North was to use, it again made clear that 50 North was to produce "all *responsive*, non-privileged documents from the above referenced e-mail searches." (ECF No. 172 (emphasis added).) Any ambiguity about what the word "responsive" meant in this context should have been clarified by reference to

the previous order, which specifically instructed 50 North to review the documents from agreed-upon search terms and produce the ones responsive to the requests for production.

50 North argues that the irrelevant documents in its production are a product of the breadth of the search terms Raymond James insisted upon. But this has no bearing on the issue at hand — whether 50 North was obligated to do a responsiveness review.[1]

50 North next argues that it had the right to not conduct a responsiveness review under Federal Rule of Civil Procedure 34(b)(2)(E) because it produced its documents as "kept in the usual course of business[.]" Fed. R. Civ. P. 34(b)(2)(E). However, even assuming Rule 34 permits a party to forgo a relevance review,[2] the

---

[1] 50 North also argues Raymond James's motions should be denied because Raymond James did not sufficiently attempt to engage in good-faith consultation before filing this motion, as required by Local Rule 7.2(a)(1)(B). The undersigned does not believe it appropriate to deny the motion on this ground.

[2] The court is skeptical Rule 34 permits this in the context of voluminous electronic discovery. "[T]he production of ESI must be rationally organized to enable the parties to determine if responsive documents have been produced." Kwasniewski v. Sanofi-Aventis U.S. LLC, No. 2:12-CV-00515-GMN, 2013 WL 3297182, at *1 (D. Nev. June 28, 2013). "[A] party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests." City of Colton v. Am. Promotional Events, Inc., 277 F.R.D. 578, 585 (C.D. Cal. 2011) (internal citations and quotations omitted). A party "may not frustrate the spirit of the discovery rules by producing a flood of documents it never reviewed . . . and thus bury responsive documents among millions of produced pages." Youngevity Int'l Corp. v. Smith, No. 16CV00704BTMJLB, 2017 WL 6541106, at *10 (S.D. Cal. Dec. 21, 2017). "Such a tactic can

Rule only applies "[u]nless otherwise stipulated or ordered by the court[.]" Fed. R. Civ. P. 34(b)(2)(E). Here, the court ordered 50 North to "review those documents" returned from document searches and produce those which were "responsive." (ECF No. 101.) 50 North should have conducted a responsiveness review.

**B.   Sanctions**

"Discovery sanctions may be appropriate when a party 'fails to obey an order to provide or permit discovery.'" Peltz v. Moretti, 292 F. App'x 475, 479 (6th Cir. 2008) (quoting Fed. R. Civ. P. 37(b)(2)). Sanctions may include an award of legal fees. ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F. App'x 577, 582 (6th Cir. 2018). However, sanctions are not appropriate if a litigant's position was substantially justified or if other circumstances would make an award of sanctions unjust. Fed. R. Civ. P. 37(b)(2)(c). A motion is 'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" Doe v. Lexington-Fayette Urban Cty. Gov't, 407 F.3d 755, 765 (6th Cir. 2005) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). A party's position need not be "justified to a high

---

bury relevant evidence and force the receiving party to expend considerable time and expense parsing through documents in order to glean information which may be relevant." Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp., 318 F.R.D. 44, 54 (S.D.W. Va. 2016).

degree" to be substantially justified, just "justified to a degree that could satisfy a reasonable person." Id.

50 North's position does not meet this standard. The court's prior order was clear about the need to produce "responsive" documents from a set of established email searches. A reasonable party would not have felt substantially justified interpreting that as permitting them to turn over all of the documents from the email searches without any review for responsiveness.

Raymond James seeks sanctions compensating it for the full cost of hiring contract attorneys to conducts a manual review of the production. 50 North argues that because the documents were produced in a text-searchable format, Raymond James could have used targeted keyword searches to filter out irrelevant documents without the expense of manual document-by-document responsiveness review. Without more information about the costs Raymond James incurred in its manual responsiveness review compared to the costs Raymond James would have incurred in culling the production through targeted searches or technology-aided review, the court cannot evaluate this argument to determine whether all or only some of the expense should be paid by 50 North. Given this, Raymond James's motions for sanctions are GRANTED IN PART and 50 North's motion for sanctions is DENIED. Within thirty days of the entry of this order, Raymond James's counsel shall file a declaration setting forth in detail the fees and expenses reasonably incurred as part

of its review as well as a memorandum explaining why those expenses were necessary. 50 North shall file a response no later than thirty days after Raymond James's declaration is filed. Should either party require additional time to file based on the ongoing coronavirus pandemic, the court will liberally grant extensions.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 5, 2020
Date
