IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RAYMOND JAMES & ASSOCIATES, INC.,

    Plaintiff/Counter-Defendant,

v.                                                                       CASE NO. 2:18-cv-02104-JTF-tmp

50 NORTH FRONT ST. TN, LLC,

    Defendant/Counter-Plaintiff.

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO STRIKE ALLEGATIONS AND ATTACHED EXHIBITS
FROM PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW the Defendant/Counter-Plaintiff, 50 North Front St. TN, LLC ("Landlord"), by and through counsel, and pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure and other applicable law, respectfully moves the Court to dismiss the Second Amended Complaint ("SAC") (ECF No. 393) that was filed by the Plaintiff/Counter-Defendant, Raymond James & Associates, Inc. ("RJA") on February 10, 2022. Pleading in the alternative, should Landlord's Motion to Dismiss not be granted in its entirety, Landlord requests the Court to strike certain allegations, requests for relief and attached exhibits from the SAC. In support of its request for this relief, Landlord respectfully states as follows:

RJA was granted leave to file a SAC pursuant to an Order that was entered by the Court on January 28, 2022. (ECF No. 391). In the Order, the Court denied RJA's request to include claims in the SAC for (i) breach of lease/right of quiet enjoyment; (ii) nuisance; (iii) gross negligence, willful and intentional conduct/prima facie tort; and (iv) declaratory relief. (ECF No. 391). The Court also denied RJA's request for leave to add Jacob Sofer ("Sofer") as a

defendant to the lawsuit for purposes of RJA's proposed claims for (i) nuisance and (ii) gross negligence, willful and intentional conduct/prima facie tort. (ECF No. 391). The Order only granted RJA leave to file a SAC "to the extent the SAC alleges a claim for fraud" and denied RJA's SAC "in all other respects." (See ECF No. 391, PageID 7368).[1] Despite the foregoing, the SAC that was filed by RJA on February 10, 2022 included over thirty-three (33) pages of factual allegations that pertain to the claims that RJA was denied leave to include in the SAC, along with an extensive number of exhibits relating to these disallowed claims. (See ECF No. 393, PageID 7414-7448).

Landlord respectfully submits that RJA's fraud claim is without merit and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion to Dismiss, Landlord relies upon its accompanying Memorandum of Law which is incorporated into this Motion by reference as though set forth herein verbatim.

Pleading in the alternative, if Landlord's Motion to Dismiss is not granted in its entirety, Landlord respectfully submits that the allegations, claims for relief and attached exhibits to the SAC that do not directly pertain to RJA's fraud claim should be stricken because they were included in the SAC without proper leave of court and in direct contravention of the Court's January 28, 2020 Order. (ECF No. 391). Furthermore, the subject allegations, requests for relief

---

[1] In seeking leave to file a SAC, RJA characterized the proposed fraud claim as a "discrete cause of action." (See ECF No. 324-1, PageID 6425). Consistent with this characterization, the factual allegations that RJA relied upon to support its fraud claim were limited and confined to paragraphs 75 through 80 of the proposed SAC. (See ECF No. 324-1, PageID 6425; ECF No. 324-2, PageID 6482-6485). Aside from the averments in the proposed SAC that dealt with jurisdiction and venue, the remaining allegations in the proposed SAC involved an exhaustive recitation of alleged facts (often expressed in a self-serving fashion) that pertained to RJA's disallowed claims. These factual allegations are immaterial and impertinent to the "discrete" fraud claim that RJA was authorized to assert in a SAC.

and exhibits also should be stricken from the SAC pursuant to Fed. R. Civ. P. 12(f) because the subject allegations, claims for relief and exhibits are immaterial and impertinent to the limited fraud claim that Landlord was authorized to assert in a SAC.

In support of its Motion to Strike, Landlord relies upon its accompanying Memorandum of Law which is incorporated into this Motion by reference as though set forth herein verbatim. The specific allegations, claims for relief and exhibits that should be stricken from RJA's SAC are specifically referenced in Landlord's supporting Memorandum of Law. Landlord also respectfully requests that it be awarded attorneys' fees and expenses in connection with this Motion and the relief requested therein.

Respectfully submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.

/s/ Michael G. McLaren
Michael G. McLaren (#5100)
John C. Ryland (#16878)
530 Oak Court Drive, Suite 360
Memphis, Tennessee 38117
(901) 762-0535 – telephone
(901) 762-0539 – fax
mmclaren@blackmclaw.com
jryland@blackmclaw.com
*Attorneys for Plaintiff 50 North Front St. TN, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the below-listed counsel this 7th day of March, 2022, through the Court's ECF System:

| | |
|---|---|
| Niel Prosser, Esq.<br>Rob Clapper, Esq.<br>Kyle Johnson, Esq.<br>THE PROSSER LAW FIRM, PLC<br>Suite 300<br>5865 Ridgeway Center Parkway<br>Memphis, Tennessee 38120 | John R. Branson, Esq.<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC<br>165 Madison Avenue, Suite 2000<br>Memphis, Tennessee 38103 |

/s/ Michael G. McLaren