## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

RAYMOND JAMES & ASSOCIATES, INC.,

      Plaintiff/Counter-Defendant,

v.                                   CASE NO. 2:18-cv-02104-JTF-tmp

50 NORTH FRONT ST. TN, LLC,

      Defendant/Counter-Plaintiff.

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE ALLEGATIONS AND ATTACHED EXHIBITS FROM PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW the Defendant/Counter-Plaintiff, 50 North Front St. TN, LLC ("Landlord"), by and through counsel, and respectfully submits this Reply in Support of its Motion to Dismiss or, in the Alternative, Motion to Strike Allegations and Attached Exhibits from Plaintiff's Second Amended Complaint (ECF 396) and to address the Response (ECF 406) of the Plaintiff/Counter-Defendant, Raymond James & Associates, Inc. ("RJA") filed on April 11, 2022.

**I.**    **The Court's Prior Ruling on RJA's Motion for Leave to Amend does not Preclude Landlord's Motion to Dismiss.**

In its Response (ECF 406), RJA erroneously claims that the Court's prior ruling precludes Landlord's Motion to Dismiss RJA's fraud claims. In the Sixth Circuit, allowing a party to file an amended complaint to assert claims that were opposed on futility grounds does not preclude a subsequent motion to dismiss the subject claims. This issue was addressed in <u>Smith v. Gallia County Sheriff</u>, Case No. 2:10-cv-1184, 2011 US Dist. LEXIS 79721 (E.D. Ohio July 20, 2011) which stated as follows:

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F. Supp. 578, 581 (S.D. N.Y. 1989). Consequently, rather than determine the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on the question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow. Id. at *6-7.

Thus, the law of the case doctrine, as applied in the Sixth Circuit, does not preclude considering Landlord's Motion to Dismiss. In any event, the ruling allowing RJA to file a Second Amended Complaint ("SAC") represents an interlocutory order subject to revision by this Court.[1]

## II.    RJA is not entitled to a credit for reduced property taxes nor is it a question of fact.

Landlord's Motion demonstrated that the Lease does not provide for a credit to RJA in the event that property taxes for any given year are reduced to less than the base year property taxes, which is what occurred in 2017 and 2018. The Lease clearly shows that property tax Additional Rent only applies in the event that property taxes increase over the base year property taxes and that if the opposite occurs, there is no credit to RJA simply by virtue of the property taxes being less than the base year property taxes.[2] RJA erroneously claims that property tax Additional Rent

---

[1] The Court should consider the merits of Landlord's Motion to Dismiss because the Court failed to consider material facts and/or dispositive legal arguments when the futility of RJA's fraud claims was being analyzed. Notably, the Magistrate Judge's R&R did not include any analysis of whether the fraud claims were viable under the terms of the Lease. (See ECF 375, PageID 7253-7254). The Court should consider the terms of the Lease in ruling on Landlord's Motion to Dismiss because the issue was not properly addressed when RJA's Motion to Amend was decided. (See also, Ciccio v. SmileDirectClub, LLC, Case No. 3:19-cv-00845, 2022 U.S. Dist. LEXIS 49562, at *11-12 (M.D. Tenn. Mar. 21, 2022) (declining to apply the law of the case doctrine to consider the defendant's dismissal argument on the merits when the argument presented an opportunity to remove a claim from the case and narrow the issues to facilitate a more prompt resolution of the lawsuit).

[2] It's important to distinguish between estimate payments and final reconciled payments.

2

and operating expense Additional Rent are accounted for as one large expense pool and since it paid operating expense Additional Rent it is entitled to a credit against that for the reduced property taxes. However, the Lease could hardly be clearer in that operating expenses and property taxes are two distinct pools. Observing that its claim falls on its face, RJA attempts to twist Landlord's mere explanation of the <u>unused</u> expense statement as some kind of fact introducing statement requiring a factual determination. The *<u>unused</u>* expense statement was never sent out because it was inconsistent with the Lease. The Lease governs the respective rights of the parties and under the Lease RJA was never entitled to any credit for a reduction in property taxes.

III.    **RJA has previously admitted that the operating expenses it now labels as capital costs are repairs and maintenance items that was necessary to maintain the Building.**

In its First Amended Complaint ("FAC"), RJA admitted that the roof spire needed ***repair*** as it alleged "[s]imilarly, the operation and/or maintenance of the Building's … spire roof … fails to meet the Current/Comparable Building Standard" and continuing to describe it as "unrepaired damage to the spire roof." (ECF No. 41-1, PageID 364-365). In its SAC, RJA further complained that "Raymond James asked 50 North to address leaks including those that turned out to be coming from the Tower's exterior windows and walls." (ECF No. 393, PageID 7422). The sheet metal repairs on the 18th floor balcony, were performed to address such leaks. RJA complained regarding the awning and revolving entrance doors as well, claiming "problems with the large awning covering the east-side entrance and patio ... and a failure to repair such public-facing fixtures as

---

Theoretically, if tenant paid estimate payments as property tax Additional Rent based on Landlord's estimate that property taxes will increase above the base year and subsequently actual property taxes turn out to be less than the base year property taxes, Landlord would owe tenant the entire amount it paid in estimated payments. That is simply because it turned out that the property tax Additional Rent was never owed. In this case, however, RJA never paid *<u>any</u>* property tax Additional Rent. Neither in the form of estimate payment nor as final reconciled payments. Nowhere in the Lease, is there even a mention of tenant being owed a credit for property tax Additional Rent that it never paid.

the revolving entrance doors." (ECF No. 393, PageID 7423). RJA continuously complained about Landlord's "failure to repair" in one place and turned around and did a 180 when the Landlord-defrauded-us narrative suited it.

Tennessee law precludes RJA from claiming that the subject work represented maintenance and/or repairs under Section 10 of the Lease for purposes of its breach of contract claims in the FAC and then alleging the exact opposite in the SAC wherein RJA claims that the same work represents capital improvements for purposes of its fraud claims in the SAC. Under Tennessee law, a litigant who has deliberately taken a position on a matter, will not be allowed to advantage himself by taking an inconsistent position in the same or in another suit. See Allen v. Neal, 396 S.W. 2d 344, 346-347 (Tenn. 1965). RJA's fraud claims are barred by the doctrine of inconsistent position.

**IV.    Even assuming RJA's allegations are true, this is not a fraud claim.**

Landlord has not misled or withheld information from RJA. The Expense Statement detailing the operating expense amount for 2018, included all the information required on such Expense Statement pursuant to the Lease, namely, the total Operating Expenses and a computation of the Additional Rent. What the Lease does provide, is the right for Tenant to audit Landlord's books and records. Upon such audit, should a dispute arise as to the classification of these Operating Expenses, it may result in a declaratory judgment or a breach of lease action.

In addition, looking at all the allegations in the SAC, RJA does not allege that Landlord included bogus expenses such as expenses never incurred, incurred in other buildings, or personal expenses. RJA's allegations only pertain to operating expense classifications. RJA claims that some operating expenses should have been classified as capital items while Landlord believes they are repairs and maintenance costs which pursuant to the Lease are either included or excluded in

Operating Expenses. At best, this may result in a declaratory judgment or a breach of lease action.

**V.      Landlord's Motion to Strike is well taken and should be granted.**

Landlord acknowledges that motions to strike are generally disfavored because of the potential delays. However, the case at bar is not typical and granting Landlord's Motion to Strike will actually narrow the issues and expedite the conclusion of this litigation.[3] The overwhelming majority of the factual allegations in the SAC have no relevance whatsoever to the discrete fraud claims. RJA's SAC is littered with extensive factual allegations that pertain to the claims that RJA was expressly precluded from asserting pursuant to this Court's Order, as the Court ruled that RJA was only authorized "to the extent that the SAC alleges a claim for fraud" and denied "RJA's SAC in all other respects." (See ECF 391, PageID 7367-7368). RJA failed to comply with this directive when it failed to remove the subject allegations from the SAC before it was filed.

In its Response, RJA claims that Landlord's counsel consented to RJA leaving all of the irrelevant factual allegations in the SAC. This argument is farcical. When the parties' counsel discussed eliding RJA's disallowed claims from the SAC, Landlord's counsel expected and understood that eliding the disallowed claims included the removal of all factual allegations applicable to the disallowed claims. RJA's counsel failed to take the time to properly revise the SAC to remove the subject factual allegations from the SAC as directed by the Court. There was no agreement between counsel to amend the scope of the Court's ruling in this regard.

---

[3] If the Court does not strike these irrelevant allegations, the parties will be forced to incur significant costs engaging in discovery concerning factual allegations in the SAC that are irrelevant to RJA's discrete fraud claims. Allowing these irrelevant allegations to remain in the SAC will only complicate these proceedings going forward rather than fostering the speedy resolution of the remaining claims in the lawsuit. Striking all of the subject allegations will clearly foster the policy referenced in Rule 1 of the Federal Rules of Civil Procedure which expressly provides that the Rules should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1.

RJA also claims that Landlord's Motion to Strike should be denied because all of the subject allegations pertain to disputes between the parties. This argument is completely misguided. While the allegations may pertain to disputes between the parties, they are only relevant to RJA's dismissed claims. In the Memorandum in support of its Motion to Amend, RJA expressly characterized its fraud claims as a "discrete cause of action." (See ECF 324-1, PageID 6425). The word "discrete" means "separate and distinct." The factual allegations in the SAC that are actually relevant to RJA's discrete fraud claims are confined to paragraphs 75-81 of the SAC.

Respectfully submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.

By:     /s/ Michael G. McLaren
        Michael G. McLaren (5100)
        John C. Ryland (#16878)
        530 Oak Court Drive, Suite 360
        Memphis, Tennessee 38117
        (901) 762-0535
        (901) 762-0539 – fax
        mmclaren@blackmclaw.com
        jryland@blackmclaw.com
        *Attorneys for Defendants 50 North Front St. TN, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the below-listed counsel this __29th__ day of April, 2022, through the Court's ECF System:

Niel Prosser, Esq.
Rob Clapper, Esq.
Kyle Johnson, Esq.
THE PROSSER LAW FIRM, PLC
Suite 300
5865 Ridgeway Center Parkway
Memphis, Tennessee 38120

John R. Branson, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

/s/ Michael G. McLaren