# Exhibit B



JOHN C. RYLAND, Attorney
Email: jryland@blackmclaw.com

BLACK / MCLAREN / JONES / RYLAND / GRIFFEE

530 OAK COURT DRIVE / SUITE 360 / MEMPHIS, TENNESSEE 38117
Phone: (901) 762-0535 / Fax: (901) 762-0539 / www.bmjrglaw.com

April 25, 2022

<u>VIA EMAIL ONLY</u>

Niel Prosser, Esq.
THE PROSSER LAW FIRM
Suite 300
5865 Ridgeway Center Parkway
Memphis, Tennessee 38120

RE:   *Raymond James & Assocs., Inc. v. 50 North Front St. TN, LLC*
      Our File No. 19164.001

Dear Niel:

This letter will acknowledge receipt of your April 21, 2022 correspondence. There has obviously been a material change in the status of the case since the Magistrate Judge entered his December 21, 2018 Order concerning the subpoena duces tecum that you served on Madison Realties, LLC. The subpoena sought the production of extensive documentation relevant to the claims in Raymond James' First Amended Complaint. However, as you know, all of these claims have now been dismissed. As a result, the subpoena requests documents that are now irrelevant to the limited claims that are pending before the Court. Your insistence that irrelevant documents be produced in response to the subpoena appears to be calculated to force my client to needlessly incur additional litigation expenses and/or to subject my client to annoyance and/or harassment. Furthermore, I respectfully disagree with your interpretation that the time limit applicable to a subpoena that was served in 2018 somehow imposes a continuing obligation to produce documents all the way to the current date because the subpoena stated that the time period covered by the subpoena was "January 1, 2012 to date." Obviously, the reference "to date" would mean, at the latest, the applicable production date in the subpoena which was August 13, 2018.

In light of your insistence on the production of documents that are now irrelevant to the issues in the case, my client intends to file a motion for protective order or, alternatively, to revise the prior interlocutory orders pertaining to the Madison subpoena. In the motion, my client will be requesting the Court to relieve 50 North and Madison from providing further documents in response to the subpoena since the requested documents are no longer relevant and, at this stage, the subpoena requests materials that exceed the permissible scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. Alternatively, in the event the Court denies this relief, the motion will request instructions from the Court concerning the current duties of 50 North and Madison Realties to produce further documents in response to the subpoena.

Niel Prosser, Esq.
April 25, 2022
Page 2


Pursuant to the consultation requirements of the Local Rules of Court, I would appreciate it if you would let me know whether you will consent to an Order relieving my client and Madison Realties from responding further to the subpoena in question. Please let me know your client's position on this matter within three (3) days of the receipt of this letter so I can file an appropriate Motion with the Court, if necessary.

Sincerely,

John C. Ryland

JCR/klw
cc: Michael G. McLaren, Esq. (Via Email)
    John Branson, Esq. (Via Email)