IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| RAYMOND JAMES & ASSOCIATES, INC. )<br>)<br>)<br>PLAINTIFF /COUNTER-DEFENDANT )<br>)<br>v. )<br>)<br>50 NORTH FRONT ST. TN, LLC. )<br>)<br>DEFENDANT / COUNTER PLAINTIFF. ) | CASE NO. 2:18-cv-02104<br>CASE NO. 2:21-cv-02433 |

**PLAINTIFF'S RESPONSE TO "DEFENDANT'S MOTION TO STAY RULING
ON RAYMOND JAMES' THIRD MOTION FOR DISCOVERY SANCTIONS"**

COMES NOW, Plaintiff/Counter-Defendant, Raymond James and Associates, Inc. ("Raymond James"), through its undersigned counsel, and respectfully submits this Response in Opposition to "Defendant's Motion to Stay Ruling on Raymond James' Third Motion for Discovery Sanctions Pending the Court's Ruling on Defendant's Motion for Protective Order," (ECF 434) (hereinafter the "Motion to Stay Ruling"), filed by 50 North Front St. TN, LLC ("Landlord") on August 18, 2022.

**<u>INTRODUCTION</u>**

At bottom, Landlord's Motion asks for nothing more than that its Motion for Protective Order (ECF 418) be considered before Raymond James' Third Motion for Discovery Sanctions (the "Motion for Sanctions"). (ECF 425). While this is actually a very bad idea,[1] the request itself seems straight-forward, especially since Landlord's Motion was the first filed. At eleven (11)

---

[1] Given the two Motions are inextricably intertwined, it would be the most logical for the Court to take up the Motions at the same time.

1

pages long -- not counting additional exhibits -- the Motion would seem much longer than necessary. And sure enough, buried within it are arguments that should not now be before the Court.

While Landlord has styled its pleading here as a "Motion to Stay Ruling," in reality it is nothing more than a backdoor *response* on behalf of Madison Realties, LLC ("Madison") to the Motion for Sanctions. (ECF 425). Landlord has embraced this artifice because Madison -- ostensibly a third-party -- failed to respond to the Sanctions Motion. Landlord's Motion has thus become a vehicle to respond for Madison in hopes that Madison can avoid an unopposed award of sanctions. Landlord's filing is thus entirely improper and should be denied. In addition, the nine (9) page Declaration of Jacob Sofer is both gratuitous and largely incompetent[2] and should be disregarded or stricken.

## PROCEDURAL BACKGROUND AND ARGUMENT

The current Motion arises out of Landlord's continuing effort to evade four of this Court's Orders that collectively require the production of documents involving Joel Friedman of Madison. *See* the Sanctions Motion, ECF 425 at PageID 8015, n. 4. The most recent of those Orders -- the Court's Order of March 31, 2022 (ECF 401) (the "Friedman Order") -- affirmed the Magistrate Judge's determination that documents involving Mr. Friedman were not privileged and must be produced. (*See* ECFs 138 and 401).

---

[2] Mr. Sofer's Declaration is devoid of facts that are irrelevant to Landlord's Motion to Stay Ruling. *See* ECF 434-1. Tellingly, Landlord's Motion to Stay Ruling only cites to it once -- and then only as support for supposed background. (*Id.*, at PageID 8128). The Declaration is largely a rant, is improper, and should be disregarded entirely. *See Hamm v. State*, 1997 WL 59435, at *1 (Tenn. Crim. App. Feb. 12, 1997) ("Moreover, the appellant's brief cites to affidavits, facts and arguments not properly before this Court…Inclusion was, therefore, both improper and inappropriate.")

2

Landlord's Motion for Protective Order (ECF 418). In the face of the Friedman Order, Landlord initially opted to do nothing, and simply ignored the Order. However, after Raymond James pressed for a production, Landlord filed a Motion for Protective Order -- on behalf of itself, alone -- arguing that the Friedman Documents were no longer relevant simply because Raymond James' First Amended Complaint ("FAC") had been dismissed. *See* Landlord's Motion for Protective Order, ECF 418-1 at PageIDs 7829-34. This argument, however, studiously ignores what remains at issue in the *larger case* -- including Landlord's own Counterclaim, which in many ways is the mirror image of Raymond James' FAC that has been dismissed. *See* Raymond James' Opposition to Landlord's Motion for Protective Order, ECF 423 at PageIDs 7878-79. The issues that existed when Raymond James first propounded its discovery in support of its FAC thus still exist today, and the Friedman Documents remain highly relevant.

Raymond James' Third Motion for Discovery Sanctions (ECF 425). Raymond James thereafter filed its own, opposing Motion which sought sanctions against *both* Landlord and Madison for their failure to produce the Friedman Documents. (*See* the Sanctions Motion, ECF 433). While Landlord filed a Response -- again, only on behalf of itself (*see* ECF 427) -- Madison filed nothing. In its subsequently filed Reply, Raymond James highlighted Madison's failure to respond. (*See* ECF 433, at PageIDs 8115-8116). With the filing of its Reply on July 18, 2022, the briefing on the Sanctions Motion ended. Landlord never sought permission to file a sur-reply.

Landlord's Motion to Stay Ruling (ECF 434). The present Motion supposedly devotes its first nine (9) plus pages to discussing "Procedural History." A review, however, shows that imbedded at the very end of this "history" are two wholly new, non-historic arguments -- arguments that are designed to justify/excuse *Madison'*s failure to respond to Raymond James' Motion for Sanctions. Not only is the inclusion of these arguments -- made out-of-time, submitted

3

without permission and proffered on behalf of third party -- improper, but both arguments also are incorrect.

The first of these stealth arguments deals with Madison's supposed lack of notice regarding the Sanctions Motion. Landlord is correct that Madison is not a party to this action and that no attorney has filed a *formal* notice of appearance on its behalf. A group of attorneys, however, has told Raymond James -- in writing -- that they represent Madison and that their representation involved the production of documents pursuant to the Subpoena to Madison at issue. This group of attorneys is the Black McLaren Firm, the same attorneys who represent Landlord here. In the letter that Black McLaren sent in conjunction with the first wave of the 800,000 page "Document Dump" (that later resulted in Landlord's sanction), Landlord's attorneys enclosed both the supplemental discovery responses of Landlord *and* "Madison Realty, LLC's Response to Raymond James' Subpoena." (*See* ECF 427-4 and with a highlighted copy attached hereto as **Exhibit 1**). Specifically, that letter states as follows:

> This letter is being delivered contemporaneously with 50 North's Supplemental Response to Raymond James' First Set of Interrogatories, 50 North's Supplemental Response to 50 North's Second Set of Interrogatories, 50 North's Supplemental Response to Raymond James' Second Request for Production of Documents, and **Madison Reality, LLC's Response to Raymond James' Subpoena**.
>
> …
>
> **50 North and Madison have** put forth a massive good-faith effort to interpret each discovery request as though directed to the appropriate custodian
>
> …
>
> It is our client's position that **50 North's and Madison's document production has been prepared, and the documents produced**, as the documents are kept in the usual course of business.
>
> …

4

> **Both 50 North and Madison provided counsel** unfettered access to all email accounts, of the relevant, custodians of both 50 North **and Madison**, under the possession, custody, or control of 50 North **and Madison.**

*See* ECF 427-4 at PageIDs 8070-71 and **Exhibit 1**. There can thus be little question that service of Raymond James' Sanctions Motion on Landlord's attorneys constituted service on Madison, as well. [3]

It is also notable that despite all the protestations in its Motion to Stay Ruling, Landlord nowhere affirmatively states -- and Madison nowhere claims -- that it lacked actual notice. This is all part of the gamesmanship practiced throughout this case by Landlord -- especially when it comes to matters regarding the corporate form. Madison's corporate separateness is entirely situational -- supposedly existing here where it can be used to disclaim notice, but entirely absent when separateness is inconvenient. Notably, Landlord attempts to have it both ways in the same filing since in the Declaration attached to the Motion to Stay Ruling, (ECF 434-2), Jacob Sofer testifies that Madison has no existence apart from Sofer himself. [4]

Landlord's second stealth argument involves the contention that it has standing to object on behalf of Madison because the Magistrate *so ruled* in his earlier Order on Landlord's Motion to Quash the Madison Subpoena. (*See* ECF 434 at PageIDs 8135-36). This argument mischaracterizes the Magistrate's Order, which did not allow standing generally, but instead allowed a third party to assert objections only when it had a "personal right" in the documents

---

[3] Amazingly, Landlord attached this same letter to its Response to the Sanctions Motion -- in order *to support the idea* that Madison had produced documents in response to the Subpoena. *See* ECF 427 at PageID 8040, n. 4.

[4] In paragraph 3 of his Declaration, Jacob Sofer states "Madison Realties, however, does not, nor has it ever, owned any assets, had a bank account, filed a tax return, generated any revenue or performed any financial activities. It is only a name that is being utilized as a banner under which we can operate." *See* ECF 434-2 at PageID 8141.

sought -- such as documents covered by a privilege assertable by Landlord.[5] *See* ECF 97, PageIDs 1111-12. Matters such as "burden" -- which are not personal to a third party -- cannot be raised by others. (*Id.*) ("50 North thus lacks standing to raise an undue burden challenge on behalf of Madison"). Similarly matter of "relevance do not constitute a personal right of a third-party." *See Torres v. Rothstein*, 2020 WL 3808899 (D. Nev. July 6, 2020), 2021 WL 297124 (D. Nev. Jan. 27, 2021) ("However, objections based on relevance and undue burden on third parties do not constitute the objecting party's personal right or privilege 'especially where the non-party ... has not objected.'") (internal cite and quote omitted); *see also DASFortus Techs., LLC v. Precision Prod. Mfg. Co., Ltd (Hong Kong)*, 2011 WL 13244104, at *4 (M.D. Tenn. Jan. 25, 2011). Landlord thus cannot raise the supposed lack of relevance of the Friedman Documents on behalf of Madison, which has otherwise not raised any objection to either the Subpoena, itself, or to Raymond James' Third Motion for Discovery Sanctions. The relief sought in Raymond James' Motion for Sanctions should therefore be granted for this reason alone.

## CONCLUSION

For the reasons described above, Raymond James asked that the Motion to Stay Ruling be denied and that the Court rule on its Third Motion for Discovery Sanctions promptly.

Respectfully submitted this 1st day of September, 2022.

---

[5] The notion that the Friedman Documents are privileged has already been litigated and rejected. (*See* ECF 401).

**Raymond James & Associates, Inc.**

**PROSSER, CLAPPER & JOHNSON PLC**

/s/ Kyle Johnson

Niel Prosser (BPR No. 11647)
Rob Clapper (BPR No. 34180)
Kyle Johnson (BPR No. 36066)
5865 Ridgeway Center Parkway, Suite 300
Memphis, TN 38120
T: (901) 820-4433
E: np@prosserlaw.com
   rclapper@prosserlaw.com
   kjohnson@prosserlaw.com

- and -

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ John Branson

John Branson (BPR No. 10913)
165 Madison Avenue, Suite 2000
Memphis, TN 38103
T: (901) 577-2323
E: jbranson@bakerdonelson.com

*Attorneys for Raymond James*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing document was filed using the Court's CM/ECF system on September 1, 2022, which will automatically send an electronic copy of the filing to all counsel of record in this case.

                                                                   /s/ Kyle Johnson