**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **RAYMOND JAMES & ASSOCS., INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-cv-02104-JTF-tmp** |
| | ) | |
| **50 NORTH FRONT ST. TN, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AWARDING RAYMOND JAMES $242,262 IN FEES AND EXPENSES

Before the Court is the Chief Magistrate Judge's Report and Recommendation ("R & R") awarding Plaintiff Raymond James & Associates, Inc. ("Raymond James") $242,262 in discovery sanctions from Defendant 50 North Front St. TN, LLC ("50 North"), entered on February 8, 2022. (ECF No. 392.)  50 North filed Objections on March 7, 2022.  (ECF No. 397.) Raymond James filed a Response on April 11, 2022.  (ECF No. 407.) Subsequently, 50 North filed a Reply on May 19, 2022.  (ECF No. 413.)  Finally, Raymond James filed a Sur-Reply on May 19, 2022 (ECF No. 421.)  For the reasons set forth below, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation awarding Raymond James $242,262 in fees and expenses.

## FINDINGS OF FACT

On August 7, 2020, the Chief Magistrate Judge entered an Order Granting Raymond James's Motions for Sanctions and Denying 50 North's Motion for Sanctions.  (ECF No. 341.) This Order was the result of two Motions to Compel filed by Raymond James on March 11, 2019, and April 1, 2019.  (ECF Nos. 189 & 197.) The Order imposed sanctions on 50 North under Federal

Rule of Civil Procedure 37(b)(2) for failing to comply with several court orders that granted Raymond James's Motion to Compel and acknowledged 50 North's misconduct regarding document review. (ECF Nos. 101 & 172.)

Specifically, 50 North failed to comply with an Order Granting Plaintiff's Motion to Compel (referred to as "First Discovery Order") that required 50 North to complete a responsiveness review on all documents produced by 50 North to Raymond James. (ECF No. 101, 2.) As a result of 50 North's failure to comply, the Court entered an Order Resolving Notice of Non-Compliance that reinforced the responsiveness review requirement from the First Discovery Order. (ECF No. 172, 2.) Similar to the First Discovery Order, it stated "50 North shall produce all responsive, non-privileged documents . . to counsel for Raymond James." (*Id.*)

50 North then produced and sent to counsel for Raymond James 283,030 documents totaling 800,000 pages ("Document Dump"). (ECF No. 407, 4.) This required Raymond James to hire two third-party e-discovery vendors — Legality and TrustPoint — for document review, intake, processing, and storage. (ECF No. 407, 5.) Raymond James then filed the two Motions to Compel and for Discovery Sanctions. (ECF Nos. 189 & 197) Because 50 North failed to conduct a responsiveness review, as ordered, the Chief Magistrate Judge subsequently entered the Order Granting Raymond James's Motions for Sanctions and Denying 50 North's Motion for Sanctions. This would allow Raymond James to recover the cost of manually reviewing the 283,030 documents. (ECF No. 341.)

To allow the Chief Magistrate Judge to consider "whether all or only some of the expense should be paid by 50 North," the Order directed Raymond James to file a declaration "setting forth in detail the fees and expenses reasonably incurred as part of its review as well as a memorandum explaining why those expenses were necessary." (ECF No. 341.) Raymond James then filed a

series of memoranda in support of monetary sanctions sought by counsel including a Motion for Attorneys' Fees. (ECF No. 348); (*see also* ECF No. 350.)  As noted, the R & R, regarding monetary sanctions, was entered on February 8, 2022. (ECF No. 392.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  28 U.S.C. § 636(b)(1)(A).  Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge.  *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard.").  Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1).  Those portions of a Report and Recommendation to which a party has not specifically objected will be adopted by the Court

3

as long as those sections are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985).

Where a party's objections are simply a repetition of arguments that he or she made to the magistrate judge, a *de novo* review is not warranted. *Thomas*, 474 U.S. at 140; *Mira v. Marshall* 806 F.2d 636, 637 (6th Cir. 1986). "A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition." *Brooks v. Invista* (*Koch Indus.*), 528 F.Supp.2d 785, 788 (E.D. Tenn. 2007).

## ANALYSIS

The Chief Magistrate Judge recommends that the Court award Raymond James $242,262 in fees and expenses. This recommendation rests on proposed findings that: (1) 50 North neglected to perform any responsiveness review when ordered to, but instead produced thousands of documents that were not responsive to Raymond James's requests; (2) it was reasonable for Raymond James to seek the services of two third-party e-discovery vendors — Legality and TrustPoint — for document review, and the amounts charged reasonably reflected the work done; (3) Section 50 of the lease between the parties does not prohibit the Court from awarding attorney's fees to Raymond James under Fed. R. Civ. P. 37; and (4) attorney fees incurred in overseeing the review by Raymond James and litigating the sanctions were also reasonable. (*See* ECF No. 392, 9, 12 & 16.)

50 North objects to the Chief Magistrate Judge's findings by arguing that: (1) it was reasonable for 50 North to assume they were not required to conduct a responsiveness review; (2) 50 North's actions were substantially justified and imposing sanctions would be unjust under the circumstances of this case; (3) the fee shifting provision of the lease barred sanctions from being

imposed on 50 North; and (4) the fees requested by Raymond James are unreasonable. (*See* ECF No. 397, 2, 13, 14, & 18.)

## **Objection No. 1: Responsiveness Review Requirement**

50 North contends that the Chief Magistrate Judge erroneously concluded that they were required to conduct a responsiveness review of the documents before they were turned over to Raymond James. (ECF No. 397, 2.) It is 50 North's contention that the "Order Resolving Notice of Non-Compliance," the Second Discovery Order, superseded the First Discovery Order that required 50 North to conduct a responsiveness review. (*Id.* at 3.) Although the First Discovery Order required a responsiveness review, 50 North argues that the Second Discovery Order, the Order Resolving Notice of Non-Compliance, did not include responsiveness review language that was in the prior order. (*Id*. at 3.) Lastly, 50 North argues that there was no need to complete a responsiveness review because, pursuant to Fed. R. Civ. P. 34(b)(2)(E), it was only required to produce documents that were "kept in the usual course of business." (ECF No. 341, 5; *see also* ECF No. 397, 9) Raymond James disagrees and argues that in the First Discovery Order, 50 North was required to produce documents that were responsive to Raymond James's underlying requests. (ECF No. 101, 2.) 50 North failed to comply with this first order, and the Chief Magistrate Judge held a discovery hearing to address the non-compliance. (ECF No. 169.) As a result of this hearing, the Chief Magistrate Judge issued an Order Resolving Notice of Non-Compliance which 50 North refers to as the Second Discovery Order. (ECF No. 172.) Raymond James cites this order as including language that requires a responsiveness review, while 50 North argues that it does not. (ECF No. 407, 3.)

Upon the Court's review of the orders, there is no doubt the Chief Magistrate Judge required 50 North to complete a responsiveness review in both Orders. (ECF No. 172, 2.) It is

undisputed that the First Discovery Order required 50 North to conduct a responsiveness review. It is clear to this Court that the Second Discovery Order required counsel for 50 North to produce "all *responsive*, non-privileged documents from the above-referenced e-mail searches, along with a privilege log, and the above identification of additional employees." (*Id*.) (emphasis added). Contrary to 50 North's position, the Second Discovery Order not only required 50 North to produce all responsive documents, but also buttressed 50 Norths' obligation to conduct a full responsiveness review, as required by the First Discovery Order. The Second Discovery Order did not relieve 50 North of its requirement to conduct the review. But 50 North violated both orders by not completing the required responsiveness review, as directed. (*See* ECF No. 407, 4.) Thus, the Chief Magistrate Judge entered an order imposing sanctions upon 50 North under Fed. R. Civ. P. 37(b)(2) for failing to comply with the Court's order to conduct the review. (*See* ECF No. 341.) The Chief Magistrate Judge already determined that the responsiveness review was required. (*See* ECF Nos. 101 & 172.)

As for Rule 34, 50 North previously argued in opposition to Raymond James's Motion for Sanctions that there was no need to complete a responsiveness review because under Fed. R. Civ. P. 34(b)(2)(E), it produced documents that were "kept in the usual course of business." (ECF No. 341, 5.) The Chief Magistrate Judge addressed this argument by explaining that Rule 34 applies "[u]nless otherwise stipulated or ordered by the court[.]" (*Id.* at 6.) This issue was decided in the Order Granting Raymond James's Motions for Sanctions and Denying 50 North's Motion for Sanctions. (*See* ECF No. 341.) In its objections, 50 North alleges that the Chief Magistrate Judge:

> erroneously relied on the court decisions in *City of Colton v. Am. Promotional Events, Inc*., 277 F.R.D. 578 (C.D. Cal. 2011); *Youngevity Int'l Corp.v. Smith* No. 16-cv-00704-BTM (JLB), 2017 U.S. Dist. LEXIS 210386 (S.D. Cal. Dec. 21, 2017); and *Scott Hutchison Enters, Inc. v. Cranberry Pipeline Corp*., 318 F.R.D. 44 (S.D. W. Va., Nov. 30, 2016) for the proposition that Rule 34 required Landlord

6

to only produce documents that were responsive to Raymond James's discovery requests. (alteration in original).

(ECF No. 397, 9.) 50 North also accuses the Chief Magistrate Judge of disregarding several court opinions that held that where a party produced documents that were kept in the ordinary course of business, the party was not required to complete a responsiveness review. (*Id*. at 10-12.) 50 North relies heavily on the court's opinion in *FDIC v. Boggus* where the district court concluded that a responsiveness review was not required when a party produced documents that were kept in the usual course of business. No. 2:13-cv-00162-WCO, 2015 WL 1145770 at *1 (N.D. Ga. 2015). Raymond James addressed this argument in its Response to 50 North's objections by citing the Chief Magistrate Judge's Order Granting Raymond James's Motion for Sanctions. (ECF No. 407, 10.)

The Court interprets Rule 34(b)(2)(E) as having an unambiguous exception by the language, "unless otherwise stipulated or ordered by the court." Thus, a party is not required to sift through documents and identify those that are responsive unless the Court finds it necessary to do so. Here, it was necessary to do so, and the Court ordered 50 North to complete a responsiveness review, which it did not do. 50 North cannot now use Rule 34(b)(2)(E) to argue that they should not have been required to complete the responsiveness review to begin with. Courts have held that although federal rules allow a party to produce documents that are kept in the ordinary course of business, a party is still obligated to sort through documents and produce those that are responsive to the other party's requests when ordered to do so by a court. *In Re Thomas Consol. Indus. Inc.,* No. 04CV6185, 2005 WL 3776322 at *8 (N.D. Ill. May 19, 2005).[1]  Thus, when the Chief Magistrate Judge ordered 50 North to complete a responsiveness review, that order superseded

---

[1] 50 North's objections include a citation to this case during its argument to the contrary. (ECF No. 397, 11.)

Rule 34.  Finally, it appears to this Court that 50 North's Rule 34 argument is simply a repeat or rehash of arguments previously made to and decided by the Chief Magistrate Judge.  *Thomas*, 474 U.S. at 140; *Mira,* 806 F.2d at 637.

The Court **REJECTS** Defendant's objection and **ADOPTS** the Chief Magistrate Judge's finding that 50 North was required to complete a responsiveness review.

## Objection No. 2: 50 North's actions were substantially justified.

50 North argues that pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i) and (ii), sanctions are not appropriate because their actions were substantially justified.  (ECF No. 397, 14.) It is 50 North's position that they produced the documents in a fully searchable format as requested by Raymond James. (*Id*.) Raymond James opposes this objection by again citing to 50 North's continuing non-compliance with the Chief Magistrate Judge's discovery orders requiring a responsiveness review, as summarized in the Order Resolving Notice of Non-Compliance. (ECF No. 407, 7.) The Chief Magistrate Judge found that "the court's prior order was clear about the need to produce 'responsive' documents . . . A reasonable party would not have felt substantially justified interpreting that as permitting them to turn over all of the documents from the email searches without any review for responsiveness." (*Id.*)

The Federal Rules of Civil Procedure grant district courts the authority to impose sanctions for discovery violations, as well as for failure to comply with specific court orders.  *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 582 (6th Cir. 2018); *see* Fed. R. Civ. P. 37(b).  In addition to listing permissible sanctions, Rule 37(b) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

8

This Court has already found above that there was no ambiguity in the Chief Magistrate Judge's First Discovery Order requiring 50 North to complete a responsiveness review. Furthermore, there is nothing in the subsequent Order to Resolve Notice of Non Compliance that relieves 50 North of its obligation to produce responsive documents.  50 North's violation of the Chief Magistrate Judge's order is obvious and clear.  Responsiveness is presupposed when responding to any discovery request, and the Chief Magistrate Judge should not have had to order responsive review in the first place.  50 North's actions appear to disregard common discovery protocol and practice and ignore the specific responsiveness review requirement ordered by the Chief Magistrate Judge.

As noted, the Order Resolving Notice of Non-Compliance did not eliminate 50 North's obligation to be responsive and gave clear instruction on how the review was to be completed. (*See* ECF No. 172.)  Upon the Court's review of the discovery orders, as well as the Document Dump, 50 North's actions cannot be viewed as substantially justified under Rule 37(b)(2)(C).

The Court **REJECTS** Defendant's objection and **ADOPTS** the Chief Magistrate Judge's finding that 50 North's actions were not substantially justified.

## Objection No. 3: Fee Shifting Provision

50 North also opposes sanctions by arguing that it was improper for the Chief Magistrate Judge to impose sanctions against them in light of the fee shifting provision of the lease. This provision states, "[i]f Landlord and Tenant litigate any provision of this Lease or the subject matter thereof, the unsuccessful party will pay to the successful party all costs and expenses, including reasonable attorneys' fees and expenses and court costs incurred by the successful party on appeal . . ." (ECF No. 397, 15-16.) 50 North points out that Raymond James's claims that precipitated its discovery requests have been dismissed. (*Id*. at 16.)  50 North then attempts to use the lease

provision to obtain relief from sanctions recommended by Chief Magistrate Judge and, instead, argues that Raymond James is responsible for their own fees as well as a substantial amount of 50 North's fees. (*Id*. at 16.) Therefore, according to 50 North, it is entitled to an award of attorneys' fees from Raymond James. (*Id*. at 16.)  Raymond James argues that the Chief Magistrate Judge was correct in concluding that the fee shifting lease provision does not apply to sanctions resulting from 50 North's clear misconduct.  (ECF No. 407, 13.)  Raymond James further acknowledges that under the applicable "contrary to law" standard, the Chief Magistrate Judge's determination regarding the fee shifting provision is appropriate and his decision did not violate the applicable standard of review. (*Id.* at 13.)

As an initial matter, the Chief Magistrate Judge, in a previous order denied 50 North's motion for sanctions, finding that 50 North was not entitled to recover any fees from Raymond James.  (*See* ECF No. 341, 1.)  As the Chief Magistrate Judge acknowledged in the R & R, the fee shifting provision covers a successful party's costs and expenses.  (ECF No. 392, 7.)  However, it does not apply to discovery sanctions imposed by a court for misconduct or violations of a court order.  (*Id*.)  Also, as Raymond James argues, 50 North's objection regarding the fee shifting provision shows only that 50 North simply disagrees with the Chief Magistrate Judge's decision, rather than analyzing how the decision violates the law or is clearly erroneous.  (*See* ECF No. 397, 16-17.)  The Court agrees.  The objection only 'rehash[es] the same arguments set forth in the original petition." *Brooks* at 788.

Therefore, the Court **REJECTS** Defendant's objection and **ADOPTS** the Chief Magistrate Judge's finding that the fee shifting provision has no bearing on sanctions imposed upon 50 North for their failure to comply with the Chief Magistrate Judge's discovery orders.

**Objection No. 4: Fees Requested Are Unreasonable**

50 North argues that the fees associated with Legality and TrustPoint, as well as the attorneys' fees for Raymond James are unreasonable.  (*See* ECF No. 397, 18.) The Court will address each in turn.

Legality

50 North argues that Raymond James's decision to have Legality's team of contract attorneys manually review a subset of 90,753 documents was wrong because it produced an over-inclusive search protocol which resulted in unnecessary costs; and had Raymond James properly narrowed its search parameters, Legality would have been able to retrieve responsive documents without incurring such exorbitant costs. (*Id*.) 50 North further argues that Raymond James should have used an alternative solution, "TAR software," that would have automated the review process and decreased costs associated with review.  (*Id*.)   Raymond James responds that the costs associated with Legality's review of the Document Dump are reasonable. First, Raymond James reveals that although 50 North produced 800,000 pages, Legality's team only reviewed a third of these documents.  (ECF No. 407, 16.)  Also, Raymond James argues that 50 North failed to prove that the alternative software would have saved significant costs, and therefore, this argument should be disregarded.  (*Id*.)

The question before this Court is not whether Raymond James could have been more efficient in reviewing the produced documents by using the TAR platform, but whether the expenses incurred were reasonable.  *See In re Mercedes-Benz Emissions Lit*., No. 2:16-cv-881 (KM) (ESK), 2020 WL 103975, at *1 (D.N.J. Jan. 9, 2020) ("While the case law has developed to the point that it is now black letter law that where the producing party wants to utilize TAR for document review, courts will permit it, no court has ordered a party to engage in TAR over the

objection of that party.") Thus, the Court does not accept 50 North's argument that Raymond James should have used an arguably more efficient method to complete the review.  In the Court's view, Raymond James actually mitigated the costs by engaging Legality to review only a third of the documents and conducting targeted word searches on the remaining two-thirds. (ECF No. 407, 16.)  As the Chief Magistrate Judge explained, 50 North was in the best position to conduct the responsiveness review. (ECF No. 347, 5.) Instead, 50 North ignored the Court's orders.  Raymond James was then forced to take steps to identify documents that were responsive to its discovery requests.  Their actions appear to be reasonable.

Therefore, the Court **REJECTS** Defendant's objection and this Court finds that the fees associated with Legality's review in the amount of $146,273 are reasonable.

TrustPoint

50 North makes a general objection that the fees incurred through TrustPoint for storing the documents that RJA deemed irrelevant are unreasonable.  (ECF No. 397, 20.) Raymond James opposes this objection by pointing out that 50 North states the fees are unnecessary and unreasonable but provides no substance or support to its argument.  (ECF No. 407, 19.)

The Court has reviewed Raymond James's submission on this issue and concludes that the decision to hire TrustPoint to assist in reviewing an overwhelming number of documents was reasonable, and without malice.  Given 50 North's disregard of the Chief Magistrate Judge's orders, which forced Raymond James to hire TrustPoint to handle, process and store the Document Dump, the Court finds the fees reasonable.

Therefore, the Court **REJECTS** Defendant's objection and finds that the fees associated with TrustPoint's processing and storing the documents in the amount of $46,161 is reasonable.

Attorneys' Fees

50 North opposes the Chief Magistrate Judge's recommendation to award attorneys' fees to Raymond James's counsel of record because 50 North believes (1) it did not engage in sanctionable conduct; and (2) the fees requested are unnecessary, duplicative, and unreasonable. (ECF No. 397, 20.) Raymond James responds again that 50 North's objection to attorneys' fees is general, only arguing without support that fees are unnecessary and unreasonable. (ECF No. 407, 19.)

Given 50 North's general objection that the fees are unreasonable and its disregard for the fact that its actions were found sanctionable by the Chief Magistrate Judge, the Court does not sustain its objection on fees.

Therefore, the Court **REJECTS** Defendant's objection and finds that the attorneys' fees requested by Raymond James's counsel of record in the amount of $49,828 is reasonable.

## **CONCLUSION**

Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation that Raymond James be awarded $242,262 in discovery sanctions and attorneys' fees from 50 North.

**IT IS SO ORDERED** this 16th day of May, 2023.

 *s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE