# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **RAYMOND JAMES & ASSOCS., INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02104-JTF-tmp |
| ) | |
| **50 NORTH FRONT ST. TN, LLC,** ) | |
| ) | |
| Defendant. ) | |

### ORDER ADOPTING IN PART AND REJECTING IN PART
### THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### AND DENYING 50 NORTH'S MOTION TO DISMISS

Before the Court is the Chief Magistrate Judge's Report and Recommendation ("R & R") recommending that the Court grant 50 North's Motion to Dismiss Raymond James' Second Amended Complaint ("SAC"), entered on July 24, 2023. (ECF No. 455.) Raymond James filed Objections on August 7, 2023. (ECF No. 457.) 50 North filed a Response on August 21, 2023. (ECF No. 459.) For the reasons below, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Chief Magistrate Judge's Report and Recommendation and **DENIES** 50 North's Motion to Dismiss.

## I.   FINDINGS OF FACT

In the Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 455, 3–6.) The Parties did not file any specific factual objections.

## II.    LEGAL STANDARD

### A.  *Standard for District Court Judge's Review of a Report and Recommendation*

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). Those portions of a Report and Recommendation to which a party has not specifically objected will be adopted by the Court as long as those sections are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985).

### B. *Standard of Review for Failure to State a Claim*

When ruling on a Motion to Dismiss, courts must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales and Service, Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Although the complaint need not contain detailed facts, its "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint is insufficient where it tenders only "naked assertions" 'devoid of further' factual enhancement." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Also, plaintiff must plead 'sufficient matter' to render the legal claims plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). To satisfy this plausibility standard, a plaintiff must plead more than "labels and conclusions," "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" because such recitations are not subject to the presumption of truth. *Id*. (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Thus, the ultimate question when considering a Motion to Dismiss is whether the complaint "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III. ANALYSIS

On February 10, 2022, Raymond James filed a Second Amended Complaint alleging a claim for fraud against 50 North, (ECF No. 393), pursuant to this Court's order entered on January

28, 2022. (ECF No. 391.) On March 7, 2022, 50 North filed a Motion to Dismiss or, in the Alternative, Motion to Strike Allegations and Attached Exhibits from Plaintiff's Second Amended Complaint. (ECF No. 396.) The Chief Magistrate Judge found that Raymond James' SAC plausibly alleged a claim for fraud but found that Raymond James could not bring its fraud claim under Tennessee law concluding that the claim was barred by the economic loss doctrine. (ECF No. 455, 10 & 17.) Raymond James filed objections to the R & R taking issue with the Chief Magistrate Judge's conclusions of law. (*See* ECF No. 457, 5-6.)

After a de novo review of the R & R, the Court partially adopts and partially rejects the conclusions of law. The Court **ADOPTS** the Chief Magistrate Judge's finding that Raymond James plausibly alleged a fraud claim against 50 North and that Tennessee law does not recognize the independent duty doctrine. For the reasons provided herein, Raymond James' objection as to the Chief Magistrate's findings on whether the economic loss doctrine is applicable in the case is **SUSTAINED**.

   A. *The Independent Duty Rule*

Raymond James objects to the R & R's finding that the independent duty rule is not satisfied in this case. (ECF No. 457, 8.) The Tennessee Supreme Court "has not adopted the independent duty doctrine." *Com. Painting Co. Inc. v. Weitz Co. LLC*, 676 S.W.3d 527, 541–42 (Tenn. 2023). Accordingly, Raymond James' objection the Chief Magistrate Judge's findings on this issue is **DENIED**.

   B. *Economic Loss Doctrine*

Next, Raymond James objects to the R & R's finding that the economic loss doctrine precluded its fraud claim under Tennessee law. (ECF No. 457, 8.) The Chief Magistrate Judge recommended granting 50 North's Motion to Dismiss based on a finding that the economic loss

4

doctrine bars Raymond James' fraud claim asserted in the SAC because "[t]he alleged misrepresentations underlying the fraud claim are related to 50 North's duties under the contract and Raymond James is exclusively seeking economic damages." (ECF No. 455, 17.) This finding was based on an interpretation that under Tennessee law, the doctrine applies in cases involving fraud in the performance of the contract relying on *Milan Supply Chain Solutions, Inc. v. Navistar, Inc.*, 627 S.W.3d 125 (Tenn. 2021) and *Commercial Painting Co., Inc. v. Weitz Co. LLC.*, 2022 WL 737468 (Tenn. Ct. App. Mar. 11, 2022).

The economic loss doctrine is a judicially created rule developed in response to products liability law stemming from a "concern that products liability and tort law would erode or consume contract law." *Milan*, 627 S.W.3d at 142. In *Milan*, the Tennessee Supreme Court examined the fraud exception to the economic loss doctrine and held that the economic loss doctrine applies in products liability cases concerning the quality or character of goods sold. (*Id*. at 153–54.) In *Commercial Painting*, the Tennessee Court of Appeals extended the economic loss doctrine to apply to non-product liability cases involving sophisticated commercial entities applying the Tennessee Supreme Court's holding in *Milan*. *Com. Painting*, 2022 WL 737468, at *24. Recently, the Tennessee Supreme Court reversed the Tennessee Court of Appeals' decision and declined to extend the economic doctrine to services contracts and held that the doctrine applies only in products liability cases. *Com. Painting*, 676 S.W.3d at 538.

Therefore, the Court **REJECTS** the Chief Magistrate Judge's finding that the economic loss doctrine bars Raymond James' fraud claim against 50 North.

### C. Raymond James' Fraud Claim

The Court now considers whether Raymond James's fraud claim may proceed. As noted above, the Chief Magistrate Judge concluded that Raymond James otherwise sufficiently alleged

5

a fraud claim.  (ECF No. 455, 10.)  In response to Raymond James' objections, 50 North argues the claim fails to state a fraud claim.  (ECF No. 459, 11.)  Stating a fraud claim under Tennessee law requires four elements: (1) intentional misrepresentation of a material fact; (2) the representation is made with knowledge of falsity; (3) fraudulent intent to an existing material fact; and (4) reasonable reliance resulting in damages.  *Finley v. Kondaur Capital Corp.,* 909 F.Supp.2d 969, 977 (W.D. Tenn. 2012).  Additionally, the claim must satisfy the heightened specificity requirements under Federal Rule of Civil Procedure 9(b) which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

50 North takes issue with the factual allegations upon which the Chief Magistrate Judge relied upon to arrive at his legal conclusion.  50 North argues that Raymond James was not defrauded in billing matters and that Raymond James was not due the credit it believes it did not receive.  (ECF No. 459, 11.)  50 North further argues that "[i]n the event [50 North was] successful in reducing Operating Expenses or Taxes to an amount less than it was during the Base Year, the Lease does not provide Raymond James with any right to a credit for those savings."  (*Id*. at. 12.)  Further, 50 North contends that "the Lease only provides Raymond James with a credit in the event that (i) Raymond James has paid 'Additional Rent' for estimated 'Taxes' in excess of the 'Base Taxes' and (ii) the actual Taxes in excess of the Base Taxes turn out to be less than the estimate."  (*Id*.) Finally, 50 North argues that Raymond James erroneously relies on an unused 2017 form it found in discovery to base its claim.  (*Id*. at 13.)

Upon review of the record, the Chief Magistrate Judge did not rely solely on the "unused 2017 statement." He considered other allegations alongside those of the 2017 statement including "two expense statements with hidden charges and omitted deductions."  (ECF No. 455, 10.)  As

6

such, nothing in the 50 North's objection to the Chief Magistrate Judge's finding on the viability of Raymond James' fraud claim warrants rejecting the Chief Magistrate Judge's conclusion.

Accordingly, the Court agrees with the Chief Magistrate Judge that Raymond James sufficiently pled a claim for fraud against 50 North and **ADOPTS** the R & R's finding.

### D. *50 North's Motion to Strike*

In addition to its Motion to Dismiss, 50 North also moved to strike certain allegations in the SAC that were immaterial to Raymond James' fraud claim. (ECF No. 396-1, 1 & 7.) The Chief Magistrate Judge found that the SAC contained factual allegations that did not pertain to Raymond James' fraud claim. (ECF No. 455, 3.) Additionally, the Chief Magistrate Judge found that the majority of the exhibits attached to the SAC were also irrelevant to Raymond James' fraud claim. (*Id.*) Raymond James did not object to the Chief Magistrate Judge's finding.

Federal Rule of Civil Procedure 12(f) states "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts should use motions to strike sparingly. *Parlak v. U.S. Immigr. & Customs Enf't*, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006). Moreover, a "motion to strike should be granted only when the pleading to be striken [sic] has no possible relation to the controversy." *Id.* Pleadings are a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. *Id.*; *see also* Fed. R. Civ. P. 7(a)(1)-(7). "Exhibits attached to a dispositive motion are not 'pleadings' . . . and are therefore not subject to a motion to strike under Rule 12(f)." *Fox v. Michigan State Police Dep't,* 173 Fed. Appx. 372, 375 (6th Cir. 2006). This Court's order entered on January 28, 2022, (ECF No. 391), only

7

permitted Raymond James to file its SAC to the extent that the SAC alleged a claim for fraud. The allegations and exhibits filed exceed those parameters.

The Court **ADOPTS** the Chief Magistrate Judge's finding regarding allegations that remain in the SAC that are immaterial to Raymond James' fraud claim. Accordingly, 50 North's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**. Any allegations that do not pertain to Raymond James' SAC are **STRICKEN** from the SAC. However, the Motion to Strike is **DENIED** with respect to the exhibits filed as they are not pleadings.

## IV.   CONCLUSION

Accordingly, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Chief Magistrate Judge's Report and Recommendation and **DENIES** 50 North's Motion to Dismiss.

**IT IS SO ORDERED** this 22nd day of April 2024.

        *s/John T. Fowlkes, Jr.*
        JOHN T. FOWLKES, JR.
        UNITED STATES DISTRICT JUDGE