**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION**

| | | |
|---|---|---|
| **RAYMOND JAMES & ASSOCIATES, INC.** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF/COUNTER-DEFENDANT,** | ) | |
| | ) | **CASE NO. 2:18-cv-02104** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **50 NORTH FRONT ST. TN, LLC.** | ) | |
| | ) | |
| **DEFENDANT/COUNTER-PLAINTIFF.** | ) | |

| | | |
|---|---|---|
| **50 NORTH FRONT ST. TN, LLC.** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFF/COUNTER-DEFENDANT,** | ) | |
| | ) | **CASE NO. 2:21-cv-02433** |
| **v.** | ) | |
| | ) | |
| **RAYMOND JAMES & ASSOCIATES, INC.** | ) | |
| | ) | |
| **DEFENDANT/COUNTER-PLAINTIFF.** | ) | |

**JOINT MOTION TO STAY PENDING THE OUTCOME OF RAYMOND JAMES'
INTERLOCUTORY APPEAL AND INCORPORATED MEMORANDUM IN SUPPORT**

Come now the parties, Raymond James & Associates, Inc. ("RJA") and 50 North Front

Street TN, LLC ("50 North"), and jointly move the Court to stay all discovery and all scheduled

deadlines in this consolidated action pending the outcome of the interlocutory appeal that RJA will

be filing as allowed by the Court's recent order.

**RELEVANT BACKGROUND**

1.  On April 30, 2025, the Court entered an Amended Scheduling Order that set ambitious deadlines for the parties, including the completion of written discovery by June 1, 2025, expert disclosures starting on August 1, 2025, and the completion of all depositions of both fact and expert witnesses by September 1, 2025. (ECF No. 509.)

2.  On July 28, 2025, the Court issued its "Order Denying Motion For Reconsideration; Dismissing Claim On Sua Sponte Reconsideration; Certifying Order For Interlocutory Appeal" (the "Certifying Order") (ECF No. 521). This Order denied RJA's motion for reconsideration of the Court's dismissal of certain of its tort claims (see ECF No. 502), and sua sponte reversed the Court's prior ruling that permitted RJA to maintain fraud claims over 50 North's treatment of operating expenses, finding that these claims, too, were barred by the independent duty doctrine. See ECF No. 521, PageIDs 9458–59. However, the Court also granted RJA's alternative request for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), concluding that, among other things, the applicability of independent duty doctrine presented a controlling issue of law with substantial ground for difference of opinion, and that its resolution would materially advance the termination of the litigation. Id. at PageIDs 9456–58.

3.  Later that same day (July 28, 2025), Judge Fowlkes also entered an Order that cancelled a Status Conference that had been scheduled for Thursday, July 30, 2025 (ECF 522), and an Order that transferred this consolidated action to Judge Parker. (See ECF 523.)

4.  On July 22, 2025 – six (6) days prior to the Court's Certifying Order – the Parties jointly sought an extension of the deadlines contained in the Court's Amended Scheduling Order. (ECF 520). This Joint Motion remains pending before this Court, with some of those deadlines coming

due as soon as the **end of this week**, and multiple depositions scheduled and or noticed over the next few weeks.

5.  In light of the Certifying Order, the parties move this Court to suspend all deadlines in the Amended Scheduling Order and stay discovery in this consolidated action until the interlocutory appeal is resolved. Good cause exists to grant this request because the Sixth Circuit's decision will firmly decide what claims will ultimately be tried in this matter.  It would not be in the interest of judicial economy for the parties to disclose their expert reports and take depositions without knowing what claims will actually be included. Indeed, as Judge Fowlkes noted in the Certifying Order, the case may "even need to be restarted" depending on the outcome of the appeal. See ECF 521 at PageID 9459. Given that, it would be a waste of both judicial resources and the Parties' time and effort to go forward with only parts of these cases while the remainder is on appeal and could later be revived.

## LAW & ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir. 1983); see also New Jersey Prot. & Advocacy, Inc. v. New Jersey Dep't of Educ., 2008 WL 4692345, at *5 (D.N.J. Oct. 8, 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("Each court has the inherent power to control its own docket to promote fair and efficient adjudication.")

A stay of discovery and the current deadlines is warranted to avoid inefficient piecemeal litigation, duplicative or incomplete discovery efforts, and pretrial disclosures that may be rendered moot or inadequate depending on the Sixth Circuit's resolution of the interlocutory

3

appeal. The stay will conserve judicial resources, promote judicial economy, and ensure that the

parties are not prejudiced by the deadlines set forth in the Amended Scheduling Order. Courts

routinely stay proceedings pending interlocutory appeals under § 1292(b), particularly where, as

here, the appeal involves controlling questions of law that could materially advance the resolution

of the litigation. See Walker v. Fayette Cnty. Sch., 2021 WL 4189645, at *2 (W.D. Tenn. Sept.

14, 2021).

Dated: July 29, 2025                                Respectfully Submitted,

/s/ Niel Prosser

Niel Prosser (TN #11647)
Rob Clapper (TN #34180)
Kyle Johnson (TN # 36066)

**Prosser Clapper and Johnson, PLLC**
5865 Ridgeway Center Parkway, Suite 300
Memphis, Tennessee 38120
Telephone: (901) 820-4433
np@prosserlaw.com
rclapper@prosserlaw.com
kjohnson@prosserlaw.com

/s/ John Branson

John Branson (BPR No. 10913)
**Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
T: (901) 577-2323
E: jbranson@bakerdonelson.com

*Counsel for Raymond James & Assoc., Inc.*

– and –

/s/ Dan Bennett

Dan J. Bennett
**Bennett Law Group**
81 Mill Street, Suite 300
Gahanna, Ohio 43230
T: 614-416-8147
dan@danbennettlaw.com

/s/ Cole Braun

Coleman J. Braun
John D. Woods III
**ADAMS AND REESE LLP**
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Tel.  (901)524-3234
Fax  (901)524-5392
Cole.braun@arlaw.com
John.woods@arlaw.com

*Counsel for 50 North Front St. TN, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send electronic notification to all registered parties.

/s/ Kyle Johnson

6